# BERNARD FORT and Wife, and Others, *v.* JOSIAH GROVES.

*Decided June 23rd, 1868.*

INJUNCTIONS ; IRREPARABLE INJURY ; PUBLIC NUISANCE.

To present a case for an injunction on the ground of irremediable damage or irreparable mischief, the bill must state facts to show that the allegation is well founded; and where the cause is heard upon the pleadings and proofs, the evidence must show, that the damage is irreparable, or that the wrong complained of would inflict upon the rights of the complainant an important and irreparable injury, or such an injury as could not be fully compensated by an action at law, but requires the interposition of a Court of Equity to give full and adequate relief. (*a*)                                                                        p. 193

A party suffering special damage from a public nuisance may main-

---

(*a*)   See *Davis v. Reed,* 14 Md. 152-3, note (*a*). An injury may be

tain an action at law against the wrong-doer, or he may obtain relief by injunction where the mischief or damage is irreparable and not susceptible of pecuniary compensation. (b)        pp. 193-194

Appeal from the Circuit Court for Howard County, in equity.

The bill in this case was filed by the appellants, as owners of certain lots in Ellicott City binding on a road or street *which they claimed had been dedicated, as a public **189** highway, thirty feet wide, by those under whom they and the appellee, (who was the owner of certain other lots,) derived title; and had been laid out and located by commissioners appointed for that purpose, under an Act passed in 1852. The bill alleged that the defendant had extended his buildings and inclosures so as to take in a part of said street, leaving only a width of seventeen feet to be used as a road or street, and charged that said obstructions were a public and private nuisance, productive of wrong to the public generally, and of " especial, peculiar and irreparable injury" to the complainants, and that the damages to them occasioned thereby, could not be properly estimated and compensated for at law, and prayed for an injunction to compel the removal of said obstructions, and to prevent a renewal of the same.

The defendant filed his answer, and evidence was taken by the parties, after which the cause came on to be heard, when the court below (Smith, J.,) dismissed the bill on the ground that the complainants had not made out a case for equitable relief.

From this action of the court below the present appeal is taken by the complainants.

The cause was argued before Bartol, C. J., Nelson, Stewart, Alvey and Robinson, JJ.

*James Mackubin,* for the appellants :
In *Hamilton v. Whitridge,* 11 Md. 143, this court decided,

---

said to be irreparable, when it cannot be measured by any known pecuniary standard of value; *Dudley v. Hurst,* 67 Md. 45; the mere *allegation* of such injury is not sufficient; see *Gore v. Brubaker,* 55 Md. 90.

(b) See *Hamilton v. Whitridge,* 11 Md. 128-129, note (e). As to what constitutes a public nuisance, see also *Scott v. Bay,* 3 Md. 432-433, note (d).

that there is a jurisdiction in equity to enjoin, whenever the *nature* of the injury *is such,* that it cannot be *adequately compensated by damages,* or from its *continuance* or *permanent* mischief, will occasion a *constantly recurring grievance.*

And that as a party injured by a public nuisance, may have his action at law for damages thereby sustained, so he may apply for an injunction to prevent such nuisance, if its existence **190** *will cause a substantial *prejudice to his property, or* to the *reasonable enjoyment °of it.*     *Soltau v. De Held,* 9 Eng. Law & Eq. 104; *Corning v. Lowerre,* 6 John. Ch. 439; *Lamborn v. Covington Co.* 2 Md. Ch. 412; 2 Story Eq. secs. 926, 927, etc.; *Jerome v. Ross,* 7 John. Ch. 330.

The first mentioned deed of partition and the accompanying plat, was not only a dedication to the *public* of " County street," with a full width of thirty feet throughout, but it *also* annexed, by grant or covenant, to each and every lot therein conveyed as binding upon it, the right to the unobstructed use and enjoyment of said street to its full width of thirty feet throughout. And any obstruction of the same was a trespass upon the rights of the occupants or possessors of said lots, which goes to the destruction of the street as a street, and calls for the interposition of equity. *White v. Flannigain,* 1 Md. 525; *Moale v. Balt.* 5 Md. 314-23; *Roman v. Strauss,* 10 Md. 96; *In the Matter of Lewis Street,* 2 Wend. 475; *Matter of Seventeenth Street,* 1 Wend. 268.

But though the *private* right is to be regarded as having been merged in the *public* right, still the authorities above cited would entitle us to the relief asked for.

The relief sought is not by way of *preliminary injunction,* as in *Amelung v. Seekamp,* 9 G. & J. 475; nor is it sought pending proceedings at law to try the right of the complainants to the road or street in question.   It is sought to have the obstructions complained of removed.

There is no dispute about title; as in *White v. Flannigain,* both parties claim under the same deed, and that deed gives to the complainants the right to the use of said street, with a width of thirty feet throughout.   If as a private right, then they are entitled to the relief asked for, upon the Maryland authorities last referred to.   If as a public right, then we have

only to show that the obstructions complained of " occasion a constantly recurring grievance," *or* " cause a substantial prejudice to our property, *or to the reasonable enjoyment* *of **191** it," *or* affect the *enjoyment or* value of it, *or* occasion any *" annoyance"* to the complainants or their family in their occupancy of their property near by, *or* that the injury done is of *such nature* that it cannot be adequately compensated by damages, *or* operates *daily* to destroy or *diminish the comfort and use* of the neighboring property, *or* that the remedy by a multiplicity of actions for the continuance of it, would furnish no material compensation.

Limitations and adverse possession are no bar—nor the fact that the obstructions were erected by the appellee's grantors. *Irwin v. Sprigg,* 6 Gill, 206; *Phil. Wil. & Balt. R. R. v. State,* 20 Md. 164; *Balt. v. White,* 2 Gill, 457.

*George W. Sands,* for the appellee :

The bill was rightly dismissed.

1st.  Because, by the effect of the deed of partition offered in evidence in the cause, the street or road mentioned in said deed, and called " County street," became by dedication a public road, and passed under the exclusive jurisdiction and control of the County Commissioners; and the remedy for any obstruction to public travel, erected or maintained thereon, is by indictment.  Code of Pub. Gen. Laws, Art. 28, sec. 10, and subsequent sections; *Balto. v. Marriott,* 9 Md. 160; *Commissioners of A. A. Co. v. Duckett,* 20 Md. 468.

2nd.  Because no judgment at law, *ascertaining the rights of the parties,* had been previously obtained.  *Coulson v. White,* 3 Atk. 21; *Attorney Gen. v. Cleaver,* 18 Ves. 211; *Varick v. New York,* 4 John Ch. 53.

3rd.  Because if the appellants' alleged private right of way had not been merged in the dedication of "County street" to the public, the acts charged in the bill to have been done by the appellee, if proved to have been done as charged, would amount to only simple *trespass,* for which there is full, adequate and ample remedy in an action at law; and in matters *of trespass, equity will *never* interfere or exercise juris- **192** diction, except in strong or aggravated instances, *which go to the destruction of the inheritance,* or where the *mischief is*

*remediless. Agar v. Canal Co.* Cooper's Eq. 77; *Shand v. Henderson,* 2 Dow. 519; *Hughes v. Morden College,* 1 Ves. 188; *Stevens v. Beekman,* 1 John. Ch. 318; *Gardner v. Newburgh,* 2 John. Ch. 162; *Belknap v. Belknap,* 2 John. Ch. 463; *Jerome v. Ross,* 7 John. Ch. 315, 331; *Amelung v. Seekamp,* 9 G. & J. 468.

4th. Because a mere diminution of the value of property by a nuisance, *without irreparable mischief,* will *not* furnish any foundation for equitable relief. 2 Story's Eq. sec. 925; *Attorney Gen. v. Nichol,* 16 Ves. 342; *Wynstanley v. Lee,* 2 Swanst. 336; *Ripon v. Hobart,* 3 Mylne & Keen, 169.

Bartol, C. J., delivered the opinion of the court.

The bill of complaint filed by the appellants in this case prays for a writ of injunction, to compel the appellee to remove certain obstructions alleged to have been placed by him upon " County street " in the village of Ellicott's Mills, and to restrain him from further obstructing the same. The appellants are owners of lots bounding upon the street, and the bill alleges that the obstructions complained of cause to them " especial, peculiar and irreparable injury," by impairing the enjoyment and value of their property. The chief defense taken by the answer and relied on in the argument, is that the complainants have full and complete remedy at law for the injury of which they complain, and therefore they are not entitled to relief by injunction.

The proceedings show that County street is a public highway. It is alleged in the bill that under an Act of Assembly, passed in 1852, it was opened and condemned as a public road. The record does not contain the evidence of such condemnation; but **193** that is not material; because it is very clear, *from the deeds offered in evidence and other proof that by the acts of the original proprietors under whom both, the complainants and defendant derive their title, in laying off County street, and by the subsequent use of the same by the public, it has been dedicated as a public street or highway. The wrongful obstructions charged against the appellee, therefore, amount to a public nuisance, for which, if the charge be true, he is liable to be proceeded against by indictment. Or if the appellants sustain

special damage therefrom, they are entitled to maintain their **action at law** for such damage. Under these circumstances it is difficult to see upon what ground a court of chancery can properly interfere by injunction. It is well settled "that an injunction is not granted to restrain a mere trespass, where the injury is not irreparable and destructive of the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law." *Jerome v. Ross,* 7 John. Ch. 315; *Amelung v. Seekamp,* 9 G. & J. 468; *Cherry v. Stein,* 11 Md. 1.

In *Amelung v. Seekamp* it was said: "The mere allegation of a complainant that irremediable damage or irreparable mischief will ensue, is not sufficient."

To present a case for an injunction, the bill must state the facts to show that the allegation is well founded; and where, as in this case, the cause is heard upon the pleadings and proofs, the evidence must show that the damage is irreparable, or, as was said in *Cherry v. Stein,* that the obstructions " would inflict upon the rights of the complainant an important and irreparable injury, or such an injury as could not be fully compensated by an action at law, but requires the interposition of a Court of Equity to give full and adequate relief." These are the well settled rules governing Courts of Equity in cases where the remedy by injunction is sought for the prevention of injury, apprehended or caused by trespass, upon the rights of the plaintiff. The same principles apply where the injury complained of results from a public nuisance. A *party **194** suffering special damage therefrom may maintain an action at law against the wrong-doer, or he may obtain relief by injunction, where the mischief or damage is irreparable and not susceptible of pecuniary compensation. *Hamilton v. Whitridge,* 11 Md. 128. Applying these rules to this case, we are of opinion that the evidence contained in the record does not present a case which entitles the appellants to relief by injunction. According to the proof, the damage to the appellants' property was trivial, and such as might readily be ascertained and compensated by an action at law; unlike *White v. Flannigain,* 1 Md. 525, there is no irreparable mischief done to the property and rights of the appellants, nor is the case at all analogous to *Hamilton v. Whitridge, supra,* where the apprehended mischief

could not be estimated or compensated in money, and in which there were peculiar circumstances demanding the remedy by injunction. Here there are no such urgent or peculiar circumstances. The remedy by indictment may be resorted to for the nuisance complained of, and the appellants, if they are specially damaged thereby, may obtain full and adequate compensation by an action at law.

*Decree affirmed.*