## Frederick Fox and another v. Thomas Holcomb and another.

*Mill dams: Flowage: Injunction: Abatement: Allowance of damages.* In this case, which is an injunction bill, the proofs are held sufficient to show that defendants' mill-dam sets back the water so as to overflow about a quarter of an acre of complainant's land, thereby injuring him somewhat, and that this infringement was without right, but they fail to show that the dam causes any general unhealthfulness; yet, under all the circumstances, it is deemed the injury is not serious enough, as compared with the interests which defendants have at stake, to call for redress by injunction, or an abatement of the dam, and complainant is therefore remitted to an allowance by way of damages.

*Equity jurisprudence: Administration of relief.* Strict legal right, in contradistinction to what is equitable, is not a necessary criterion of equitable redress; but a court of equity always aims to shape its administration of relief in such way as to avoid oppression or the entailment of consequences of unnecessary rigor.

*Heard October 8.    Decided October 26.*

Appeal in Chancery from Gratiot Circuit.

*Leonard & Scott,* for complainants.

*Spaulding & Cranson,* for defendants.

FOX *v.* HOLCOMB.

GRAVES, CH. J :

The defendants maintain a dam on Pine River at St. Louis, which sets the water back on certain lands of which complainants claim to be owners.   The height of the dam is practically increased somewhat by slash-boards.   Complainants maintained that the setting back the water on their lands was without right, was injurious to health, and caused damage to their lands.   The cause was heard on pleadings and proofs, and the court decreed that defendants should be perpetually restrained after April 1, 1875, from flowing the parcel of Mrs. Luce, so far as caused by the slash-boards, and that she should recover costs.   By the same decree the bill as to complainant Fox was dismissed, with costs to defendants.   Fox then appealed.

We think the facts make out a *prima facie* case of ownership by Fox of the parcel claimed by him in the bill and on which he asserted the water to be set back by the defendants' dam.   We also think it established by the proofs that something like a quarter of an acre of this parcel is flooded by reason of the dam, and that he is thereby damnified more or less.   For this infringement no right is shown.

He was therefore entitled to sue.   The case does not maintain the charge that the dam causes any general unhealthiness.   The evidence that it does, is, if any thing, outweighed by counter proof.

Looking at all the circumstances, we think the case is not one which calls upon a court of equity to abate the dam, or enjoin against flowage.

We cannot say that such a restraint would not operate practically as an abatement, and we are satisfied that an abatement would not consist with the dictates of equity.   So far as we can judge from the record, a mode of redress so radical would operate against the interests of all parties and eventuate not only in great public inconvenience, but with a pecuniary severity upon the interests of the defendants

entirely disproportionate to the nature and extent of the grievance of complainant Fox. Strict legal right, in contradistinction to what is equitable, is not a necessary criterion of equitable redress. A court of equity always endeavors to shape its administration of relief in such way as to avoid oppression or the entailment of consequences of unnecessary rigor. We are satisfied upon the facts that Fox is entitled to relief, but we think at the same time it should be confined to an allowance by way of damages. These can be ascertained by a jury on a proper issue to be awarded, or if the parties so elect, by a commissioner on reference.

The decree against Fox must be reversed, with the costs of this court, and a decree must be entered here for damages in his favor and for an inquisition thereof by jury, unless the parties elect a reference for the ascertainment of the damages, and the cause must be remanded for all necessary further proceedings.

The other Justices concurred.