GEORGE D. B. HALL AND AZRO HEALEY v. HENRY W. ROOD.

*Injunction against threatened nuisance.*

Whether injunction to restrain threatened injury is matter of right—Q.

Injunction will not be granted where such relief is disproportionate to the injury.

A wooden building encroached six inches on a private alley for more than twenty years. The owner attempted to veneer it with brick, whereby it would encroach three inches more. It did not appear that the encroachment would materially injure the right of way. *Held* that the adjacent owner was not entitled to remedy by injunction.

Appeal from Kalamazoo. Submitted November 21, 1878. Decided January 8, 1879.

INJUNCTION. Defendant appeals. The facts are stated.

*Brown, Howard & Roos* for complainants and appellees. All encroachment upon the right of way granted in a private alley is illegal, *Salisbury v. Andrews*, 19 Pick., 258; *Tudor Ice Co. v. Cunningham*, 8 Allen, 139; *Farnsworth v. Taylor*, 9 Gray, 162; *Welch v. Wilcox*, 101 Mass., 164; *Schwoerer v. Boylston Market Association*, 99 Mass., 285.

*Germain H. Mason* and *Dallas Boudeman* for defendant and appellant, cited *Johnson v. Kinnicutt*, 2 Cush., 153, and *Atkins v. Bordman*, 2 Metc., 457, and claimed that complainants had sustained no such injury as entitled them to relief by injunction; that they could only have sustained nominal damages and had a legal remedy. *Van Bergen v. Van Bergen*, 3 Johns. Ch., 282; *Amelung v. Seekamp*, 9 Gill. & J., 468; *Clack v. White*, 2 Swan, 545; *McCord v. Iker*, 12 Ohio, 387; 2 Story's Eq. Jur., § 925; High on Injunctions, §§ 486, 565.

MARSTON, J. Complainants and defendant are the owners in severalty of certain adjoining property in the village of Kalamazoo, upon which buildings have been erected, and in the rear of which there is, and has been since 1848, a private alley twenty feet wide.

More than twenty years previous to the time the bill was filed in this cause, a wooden building was erected between the rear of defendant's building and this private way, which it is conceded encroached upon the alley some six inches.

In 1878 defendant desired to make some improvements upon this wooden building. He tore off the siding, and commenced the erection of a stone foundation thereunder, with the design of veneering the building with brick and building a stairway in the alley to the second story thereof. Complainants objected to the construction of the stairway which would have extended into the alley some four feet, and also objected to any encroachment

whatever. The defendant desisted from building the stairway, but proceeded to veneer the wooden building with a four-inch wall, which would be an encroachment of three inches into the alley farther than the wooden building was before the siding thereon was taken off. Complainants thereupon filed their bill and obtained an injunction restraining defendant from completing the brick wall, then nearly finished. An answer was filed, proofs taken, and on the hearing a decree was granted, making the injunction perpetual, and commanding defendant to "remove the brick wall, foundation and roof covering the same, and every part and parcel thereof, which is situate and being on the private alley aforesaid." After the injunction was served, work upon the brick wall was discontinued, and between it and the roof the building was boarded up for protection against storms, and the roof put on, but which did not progress farther than sufficient to cover the brick wall when completed.

It might admit of some question whether the decree was not broader than really intended. It would seem to require the removal of not alone the three-inch projection, but the entire wall, a portion of which had stood and encroached upon the alley for over twenty years, and had ripened into a right by adverse use. Under the recitals in the decree, perhaps no serious question would arise as to the extent thereof, but under our view of the case, this becomes a matter of no consequence. This building it appears stood within the fire limits, but whether the defendant was thereby prohibited from repairing it in any other way than by brick or stone does not appear.

Admitting that defendant is encroaching some three inches upon this private way, yet it would seem to have been commenced by him in entire good faith, in repairing a building which had long been standing. It is not claimed that such repairs were not necessary and in all other respects right, proper, and indeed beneficial to the property of defendant, and also the adjoining property

of complainants. The injury to complainants was not that it was taking a portion of their private property, but that it was interfering with a right of way to which they were entitled of right. Nor is it claimed, nor could it well be, that this proposed encroachment seriously interfered with their right of way, or that it materially injured them in any way.

Their claim is that they are of right entitled to the full width of the alley, and that it cannot be taken from them by piece-meal this way.

It may admit of some doubt whether a party is ever entitled as matter of right to a remedy by injunction to restrain the commission of a threatened injury. If the injury is likely to be irreparable the court will interfere: so it will for other reasons, but it will examine into all the circumstances of the case, and if it is apparent that the relief sought is disproportioned to the nature and extent of the injury sustained, or likely to be, the court will not interfere but will leave the parties to seek some other remedy. *Fox v. Holcomb*, 32 Mich., 495; *Briggs v. Withey*, 24 Mich., 136; *Norris v. Hill*, 1 Mich., 210: *White v. Forbes*, Walk. Ch., 114.

Within this rule complainants clearly are not entitled to the relief sought as the case now stands, and they need not anticipate farther trouble in the same direction.

The decree must be reversed and the bill dismissed with costs.

The other Justices concurred.