BAILEY *et al.*, *Appellants*, v CULVER *et al.*

1. **Damages:** ALTERATION OF HIGHWAY: WHEN ACTION WILL LIE. Where a highway is altered, obstructed, or altogether vacated, no action will lie therefor, except by one who has suffered some special or peculiar injury not shared in by the community in general.

2. **Dedication:** PUBLIC HIGHWAY: PRIVATE RIGHT. Where land is dedicated to public use as a highway, such dedication is an exclusion of any subsequently acquired private right or easement in the highway, as contradistinguished from the right every citizen has to use it for the purpose which caused the dedication.

3. ———: ———: ———: MERGER. When a dedication of land to public use as a highway occurs, such dedication is wholly inconsistent with the continued and contemporaneous existence of a

| 84 | 531 |
| 41a | 73 |
| 84 | 531 |
| 107 | 204 |
| 84 | 531 |
| 50a | 471 |
| 84 | 531 |
| 127 | 115 |
| 84 | 531 |
| 148 | 429 |
| 84 | 531 |
| 153 | 573 |
| 84 | 531 |
| f155 | 32 |
| 84 | 531 |
| 101a | 6395 |
| e101a | 5405 |

private way over it independent of the public right. In such case, the private way is swallowed by and merged in the public one.

4. **Damages**: HIGHWAY: OBSTRUCTIONS. Where obstructions in a public highway directly affect abutting proprietors, the injury is immediate and special and an action will lie therefor.

5. **Deflection of Highway**: SPECIAL INJURY: EQUITY. No relief will be granted where it is not made to appear that special injury has accrued in consequence of the deflection of a public highway, for in such cases equity will not interfere unless some palpable violation of a complainant's right be shown, and if such right be apparently doubtful, it must first be established at law before equity will exercise its extraordinary jurisdiction.

6. ———: ———: ———. To warrant the interference of a court of equity, the injury to the well-established right of the complainant in consequence of the deflection or change of a public highway must amount to irreparable damage—must be incapable of full compensation in an action at law—must not be trivial nor disproportionate to the relief sought, and if the relief prayed for were granted, it must not be such as to inflict serious damage upon defendant without doing plaintiff any practical good, nor operate oppressively or contrary to the real justice of the cause.

7. ———: ———: ———. In cases of injury arising from a change in a public highway, courts of equity will be guided by a wise discretion in granting or refusing relief, and will make no order which savors of oppression, and before acting will reflect whether the exercise of their power is an appropriate method of redress under all the circumstances of the case.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

The following is the plat referred to in the opinion of the court:

*Klein & Fisse* and *John K. Tiffany* for appellants.

(1) The acts of Peter Lindell with reference to the strip of ground, did not amount to a dedication thereof as an alley to public use. *Landis v. Hamilton*, 77 Mo. 554, p. 561; *Brinck v. Collier*, 56 Mo. 160, pp. 164–165; *Irwin v. Dixion*, 9 How. 10, pp. 30–31. (2) The declaration regarding this alley by the commissioners in partition in their report, does not amount to a dedication of the ground to public use. Washburn on Easements (3 Ed), top pp. 181, 241; *Carlin v. Paul*, 11 Mo. 32; *Wiggins v. McCleary*, 49 N. Y. 346; *Smyles v. Hastings*, 22 N. Y. 217; *Clark v. Parker*, 106 Mass. 554, 557; *Fisher v. Beard*, 32 Iowa 346, 355; *Bump v. Sanner*, 37 Md. 621. (3) But if the action of the commissioners is to be treated as a dedication of the alley to the public, the rights of the several lot owners, in the block, of a right of way over the same, is not necessarily merged in the public right, but exists independent thereof; and a relinquishment of the public right cannot extinguish or impair the private right of easement of each lot owner over the same. Goddard on Easements (Bennett's Ed.), pp. 75, 76, and 485, 486; *Allen v. Ormond*, 8 East 3; *Brounlow v. Tomlinson*, 1 Man. & Gr. 484; Washburn on Easements (3 Ed.), top p. 241; *Haynes v. Thomas*, 7 Ind. 38; *Lutterloh v. Mayor*, 15 Fla. 306; *Leffler v. Burlington*, 18 Iowa 361; *Gebhardt v. Reeves*, 75 Ill. 301; *Belcher Sugar Refinery v. St. Louis Grain Elevator Co.*, 82 Mo. 121: 2 R. S. 1855, p. 1536, sec. 8; *California v. Howard*, 78 Mo. 88, 90; *Commissioners v. Lathrop*, 9 Kas. 453; *Wirt v. McEnery*, 21 Fed. Rep. 233; *Storey v. Ry. Co.*, 9 N. Y. 122, 181; *Burbach v. Schweinler*, 56 Wis. 386. (4) [a] If there has been no dedication to the public, and if the city had no title to the alley, then it follows that the acts of the city complained of were wholly unauthorized, for neither the city under its

charter, nor even the Legislature, can lawfully invade private rights in such manner. *Lackland v. Railroad*, 31 Mo. 180; *Cook v. Burlington*, 30 Iowa 94; *State v. Mayor*, 5 Porter (Ala.) 279, 309. [b] But if the public had acquired any title, it acquired the same only by force of the dedication of the commissioners, in which case the title to the alley was vested in fee in the city of St. Louis, in trust for the uses named in the dedication; and the trust property cannot, under any pretext, be diverted from the purposes of the trust under which it is held; and any attempt so to divert it is not only *ultra vires*, but wholly unlawful. *Belcher, etc., v. St. Louis, etc., supra*; *Rutherford v. Taylor*, 38 Mo. 315; 2 Dillon on Mun. Corp. (3 Ed.), sec. 653; *Street Ry. v. Cumminsville*, 14 Ohio St. 523; *Trustees, etc., v. Hoboken*, 33 N. J. Law, 13; *Pettis v. Johnson*, 56 Ind. 139. (5) The power of the city of St. Louis to "vacate," "alter," etc., a street or alley, is no justification for its action in this case. *Julia Building Association v. Bell Tel. Co.*, 13 Mo. App. 477, and authorities *supra; Shipley v. Caples*, 17 Md. 170; *Jennison v. Walker*, 11 Gray 423; *Wyncoop v. Berger*, 12 Johns. *222. (6) The vacation of part of the alley in question, and the conveyance of the land itself to the defendants for the purpose shown by this record, are a gross, brazen, and shameful breach of trust on the part of the city of St. Louis, which equity will enjoin. *Price v. Thompson*, 48 Mo. 361; *Stevenson v. Chattanooga*, 20 Fed. Rep. 586; *Trustees, etc., v. Cowen*, 4 Paige's Ch. 510; *Hunter v. Trustees, etc.*, 6 Hill 407; *Krehl v. Burrell*, L. R. 7 Ch. D. 551; 2 Story's Eq. (11 Ed.), secs. 926, 926 *a*; *Pettibone v. Hamilton*, 40 Wis. 402; *Com. v. Rush*, 14 Pa. St. 186. (7) The benefits incidentally accruing to the public from the beautifying of the city, the increased value of adjoining real estate and its appurtenances, a larger taxable value, and other similar advantages, are not such as justify the exercise of the power by a municipal corporation "to vacate or alter" a public street or alley, which is to be

exercised only upon the same consideration and for the same purposes as the power of eminent domain. *Trustees v. Hoboken*, 33 N. J. L. 13.

*Dryden & Dryden* for respondents.

(1) The lower courts were right in finding, from the evidence, that Peter Lindell, in his lifetime, dedicated the alley to the use of the public. *Mo. Inst. for Blind v. Howe*, 27 Mo. 216; Washburn on Easements (3 Ed.), *pp. 138, 139, 141; *Gamble v. St. Louis*, 12 Mo. 622; *Cincinnati v. White*, 6 Peters 431; *Hartt v. Rector*, 8 Mo. 457; *Reagan v. McCoy*, 29 Mo. 366; *California v. Howard*, 78 Mo. 88; 2 Dillon on Mun. Corp. (3 Ed.), sec. 640; *Price v. Plainfield*, 40 N. J. L. 608; *Woodyn v. Hadden*, 5 Taunt. 125; *Knight v. Heaton*, 22 Vt. 483; *Brinck v. Collier*, 56 Mo. 168; *Trustees v. Hoboken*, 33 N. J. L. 22; *State v. Wells*, 70 Mo. 637. (2) The lower courts rightfully found that the action and report of the commissioners selected to divide Lindell's estate did not make this a private way, but, taken in connection with the acts of the heirs, operated only as a dedication of it to public uses. Washburn on Easements (3 Ed.), p. 181–* p. 128; *Trustees v. Hoboken*, 33 N. J. L. p. 18; *Hale v. McLeod*, 2 Met. (Ky.) 99, 104; *Com. v. Low*, 3 Pick. 413; *Gosselin v. Chicago*, 103 Ill. 623. (3) The alley being a public, and not a private alley, its vacation or alteration by the city, by ordinance, was within its corporate power, and was lawful. This power is clearly given by the city charter. *Heller v. Railroad*, 28 Kas. 631; *People v. Supervisors*, 20 Mich. 95, 102; *Polack v. Trustees*, 48 Cal. 490, 492; *Fearing v. Irwin*, 55 N. Y. 490; *Burr v. Oskaloosa*, 45 Iowa 278; *Smith v. Boston*, 7 Cush. 254; *Stuber's Road*, 28 Pa. St. 199; *Kimball v. Kenosha*, 4 Wis. 321; 2 Dillon on Mun. Corp. (3 Ed.), sec. 666; *Winterbottom v. Earl of Derby*, 36 L. J. (Exch.) 194, 197; *Lorenzen v. Preston*, 53 Iowa 581; *Spiegel v. Gausberg*, 44 Ind. 418; *Riggs v. Board of*

*Education*, 27 Mich. 262. (4) Assuming the alley to have been a public alley, the appellants had no private right of way in the part thereof vacated, additional to or independent of their right therein as members of the general public. Goddard on Easements (Bennett's Ed.), p. 75; *Chichester v. Letheridge*, Willes 71; *Trustees v. Hoboken, supra*; *Kimball v. Kenosha*, 4 Wis. 321; *Mercer v. Railroad*, 36 Pa. St. 99; Washburn on Easements (3 Ed.), p. 202; *Heller v. Railroad*, 28 Kas. 631. (5) The city never, in fact, acquired the title of the soil of the part of the alley vacated; but whether it did or not is immaterial. *Becker v. St. Charles*, 37 Mo. 17; *Gosselin v. Chicago*, 103 Ill. 623; *Baker v. City of St. Louis*, 75 Mo. 671; *Williams v. Plank Road*, 21 Mo. 580; *Burback v. Schweinler*, 56 Wis. 391; Angell on Highways (2 Ed.), sec. 313. When a street is vacated the title to it reverts to the owners of land abutting on it. *Kimball v. Kenosha*, 4 Wis. 321; *Harris v. Ellioit*, 10 Peters 26; *Lackland v. North Mo. R. R.*, 31 Mo. 187; *Day v. Schroeder*, 46 Iowa 546. (6) Appellants have not shown a case warranting the granting of the relief by mandatory injunction prayed for by them. *King v. McCully*, 38 Pa. St. 76; *Fort v. Groves*, 29 Md. 188; *Van Bergen v. Van Bergen*, 3 Johns. Ch. 282; *McCord v. Iker*, 12 Ohio 387; *Fox v. Holcomb*, 32 Mich. 494; *Hall v. Rood*, 40 Mich. 46; *Rankin v. Charless*, 19 Mo. 490; Kerr on Inj. (1 Ed.), *pp. 226, 231, 232; 2 Story's Eq. Jur. (11 Ed.), sec. 959 *a*.

SHERWOOD, J.—This is an equitable proceeding, having for its object the removal of a large and costly brick and stone structure, five stories high, which was erected on the corner of Eighth and St. Charles streets, and of the former street and Washington avenue, over a portion of an alley (about eighty-six feet in length), running through block one hundred and sixty-four in the city of St. Louis. The cost of the building was $155,000.

By ordinance duly passed, the route of the old alley was changed as marked in the plat which accompanies this opinion, and was deflected so as to enter St. Charles street, instead of, as formerly, entering Eighth street. The property of plaintiffs is situated on the corner of Seventh and St. Charles streets, running back to the alley in question, is sixty-three feet in width, and it is some one hundred and twenty feet east of the east line of defendant's lots, and of the point where the old alley is closed by the building which forms the subject in controversy.

The evidence abundantly establishes that the deflected alley is equally, if not more convenient for ingress and egress than the old one, and that the increase in distance to the point where the old alley opened on Eighth street, in consequence of the closure, is not a matter of any considerable importance. The prayer of the petition is : "That defendants may be compelled to remove said obstruction, and to abate said nuisance upon said strip of land, and to put said strip and passage-way into good repair, so that plaintiffs may pass over and along the same, and may have the use and enjoyment of their said easement and right of way therein as heretofore, and that defendants may be perpetually restrained from further obstructing said right of way and easement, and from further interference with plaintiffs' passing to and from their property over said strip of land, and for all such other and further relief," etc., etc.

In considering the correctness of the dismissal of plaintiffs' petition it will not be necessary to discuss many of the points discussed by the court of appeals, since the judgment of that court may well be affirmed, for the following reasons, if for no other :

The plaintiffs, in order to obtain the extraordinary relief for which they pray, must show a special injury other than, and different from, that which they suffer in common with the general public ; for it is settled law that where a highway is altered, obstructed, or altogether

vacated, no action will lie except by him who "has greater trust or incommodity than every other man has." *Kinealy v. R. R.*, 69 Mo. 658, and cases cited. Now, if, as appears from the evidence, the alley referred to was really dedicated to the public use long prior to the report of the commissioners in 1863, such dedication is an exclusion of any subsequently acquired private right or easement in the highway thus dedicated, as contradistinguished from the right every citizen has to use such highway for the purpose which caused the dedication. *Trustees v. Council, etc.*, 33 N. J. L. 19; Goddard on Easements, 75; *Chichester v. Lethbridge*, Willes 71. And it is also well settled that when a dedication to public use occurs, this is wholly inconsistent with the continued and contemporaneous existence of a private way independent of the public right. In such instances the private right is swallowed by and merged in, the public one. *Kimball v. Kenosha*, 4 Wis. 321; Wash. on Easements, 202; *Mercer v. R. R.*, 36 Pa. St. 99.

Of course these remarks do not apply to obstructions in the public highway which directly affect abutting proprietors, for in such case the injury would be immediate and special, altogether differing from the one under discussion.

So that, if it be true that the dedication of the alley to public use occurred, as stated, it is unimportant to determine whether the action of the city council in passing the ordinance allowing the old alley to be vacated, be held valid or null, unless it be made to appear that some special injury in consequence of the deflection of the alley has accrued to the plaintiffs, evidence of which I fail to find in this record. And if, in cases of this sort, no palpable violation of a complainant's right be shown, equity will not interfere. And it is the custom of courts of equity to refrain from the exercise of this extraordinary jurisdiction until the right, if apparently doubtful, be established at law. *King v. McCully*, 38 Pa. St. 76. And there are other conditions precedent,

other constituent elements of the exercise of such unwonted jurisdiction not to be overlooked. The injury to the well established right must also amount to irreparable damage, incapable of being fully compensated by an action at law; a substantial, not an unimportant or trivial injury, not disproportionate to the relief sought, nor when, if the relief prayed for were granted, and the mandatory injunction should issue, the effect would be to inflict serious damage upon the defendants without doing the plaintiffs any material or practical good, nor where the decree would operate oppressively or contrary to the real justice of the case.

In all cases like the present, courts of equity are guided by a wise and wholesome discretion in granting or refusing an injunction, and will do no act and make no order which savors of oppression, or the arbitrary use of its great power, and will always reflect, before acting, whether the exercise of that power is an appropriate method of redress under all the circumstances of the case, and will attentively consider the comparative convenience or inconvenience which the granting or the refusal of the injunction will cause to the parties. It need scarcely be said that these positions find abundant support in the authorities. 2 Story's Eq. Jur., sec. 949 *a*; Kerr on Injunctions (2 Ed.) 52; *Fort v. Groves*, 29 Md. 188; *Van Bergen v. Van Bergen*, 3 Johns. Ch. 282; *Fox v. Holcomb*, 32 Mich. 494; *Rankin v. Charless*, 19 Mo. 490.

Applying the principles already announced, and the reasons given, they altogether preclude the plaintiffs from having any standing in a court of equity. The right of the plaintiffs, if regard be had to the findings and action of the lower courts, is doubtful; the damage which they will sustain, if any, is inconsiderable, while if their prayer were heard and granted, it would be disastrous in the extreme to the defendants, resulting in the

practical destruction of their building, without any material advantages accruing to the plaintiffs.

The judgment should, therefore, be affirmed. All concur.