HOWARD *v.* BELLOWS.

INJUNCTION—PROPRIETY — ADEQUATE REMEDY AT LAW—FLOOD-
ING LANDS—DAMAGES.

> An injunction will not be granted restraining defendant from
> flooding complainant's lands by his logging operations, where
> such operations have been continued for years in practically
> the same manner without indication from complainant that
> he could not be compensated in damages, where a consider-
> able investment by defendant would be rendered valueless,
> and complainant's injury from the operations is pecuniary
> and small in amount.

Appeal from Benzie; Chittenden, J.  Submitted April
9, 1907.  (Docket No. 38.)  Decided May 18, 1907.

Bill by Henry M. Howard and Nellie L. Howard
against Elwin H. Bellows and others to enjoin the flood-
ing of complainants' land.  From a decree for complain-
ants, defendants appeal.  Reversed, and bill dismissed
on condition.

*David E. Burns,* for complainants.

*Louisell & Nevius* (*Parm C. Gilbert,* of counsel), for
defendants.

CARPENTER, J.  Defendant Bellows has for several
years been engaged in rafting logs down Betsey river, in
Benzie county, in this State.  In order to do this, he
found it necessary to dam the river and to release water
therefrom in a flood.  This water has inundated the land
of complainants, who are husband and wife, situated on
the banks of the river about 10 miles below defendant's
dam.  In the circuit court a decree was made enjoining
defendant from further inundating complainants' land.
Defendant appeals.

It is clear that complainants have a grievance, but it

does not follow that they are entitled to an injunction. The testimony proves that the only injury sustained by them is pecuniary in its character and small in amount; that defendant has made an investment of considerable magnitude, which will be rendered valueless if the injunction is permitted to stand; that he is entirely willing to compensate complainants for their pecuniary loss; that the rafting operations on the river have been carried on for several years substantially as they are now carried on; and that during this time complainants never indicated that they sustained an injury which would not be adequately compensated by damages. Indeed, it appears that at one time they accepted compensation for a similar injury from defendant's grantor, who built the dam in question. Under these circumstances, we think under the rule laid down in *Fox* v. *Holcomb*, 32 Mich. 494, *Hall* v. *Rood*, 40 Mich. 46, and *Blake* v. *Cornwell*, 65 Mich. 467, that an award of damages afford complainants adequate relief, and that a court of equity should not enjoin defendant from carrying on his rafting operations.

Upon defendant executing a bond in the penal sum of $1,000, with sureties approved by the circuit judge or by the clerk of this court, conditioned upon his paying whatever judgments may be rendered against him for past or future flooding of complainants' land, the decree appealed from will be reversed and the bill dismissed. This, of course, will be without prejudice to the right of complainants to prosecute their suits for damages. Complainants will recover the costs of the circuit court and defendant the costs of this court.

McAlvay, C. J., and Grant, Blair, and Ostrander, JJ., concurred.