CAMPAU *v.* NATIONAL FILM CO.

1. REFORMATION—LANDLORD AND TENANT—OFFICES—EQUITY.
  A lessee who deliberately signs a writing which restricts his use of rented premises to office purposes only, and prohibits the use for any business deemed extra hazardous on account of fire, when he was doubtful at the time whether it would permit him to conduct his business therein, and relied upon the unauthorized statement of the bookkeeper of the lessor that the lessor knew the intended purpose, and of the real estate

agent conducting the negotiations, that there would be no trouble, is not entitled to reformation in equity upon a cross-bill claiming mistake or fraud.

2. SAME—PAROL EVIDENCE—RULE.

In such case the written instrument must prevail over prior oral agreements.

3. INJUNCTIONS—DISCRETIONARY NATURE OF WRIT.

The injunction, not being a writ of right, will be denied to a complainant who rented premises for the lessee's business, known to the lessor at the time, under the terms of a written lease which in effect prohibited the use of the premises for such business because of the increased hazard of fire.

4. SAME—INJURY RESULTING FROM ISSUANCE.

An injunction may be withheld if it is likely to inflict greater injury than the grievance complained of.

Cross-appeals from Wayne; Donovan, J. Submitted November 8, 1909. (Docket No. 147.) Decided December 10, 1909.

Bill by Daniel J. Campau against the National Film Company to restrain the use of leased premises contrary to the terms of the lease. From the decree rendered, both parties appeal. Reversed, and bill dismissed.

*Hunt & Altland*, for complainant.

*Merriam, Yerkes & Simons*, for defendant.

HOOKER, J. Complainant leased, by written lease, to the defendant, for the period of a year and 11 months, designated rooms in his building in Detroit. This controversy arises over the following provisions of the lease, *i. e.*:

"To be occupied for office purposes, and for no other purpose or purposes whatever, without the written consent of the party of the first part, and in no case to be used for any business deemed extra hazardous on account of fire."

The defendant entered, and is conducting the business of renting moving picture films, which involves their storage and repair, but not their manufacture.

The complainant asserts that such occupancy is not for

"office purposes only," and also that it is a business "deemed extra hazardous, inasmuch as the films are made of inflammable material, viz., celluloid." He has filed the bill in this cause to restrain such use of the premises. Defendant's answer asks affirmative relief in the way of reformation of the contract to conform to the alleged understanding and oral agreement of the parties, that he might conduct this business upon the premises if the contract as written shall be construed to exclude it. The evidence shows that this lease was signed by the defendant with the full knowledge of its provisions. After the parol arrangement for the lease was concluded, complainant caused the lease to be written, signed it, and left it with his bookkeeper to secure the signature of the defendant. On presentation the latter's manager read it, noticed the provision quoted, and "objected to signing it on that point," when Mr. Stevenson, a real estate agent through whom the arrangements were brought about, said to the bookkeeper, "Is not this question thoroughly understood with Mr. Campau what these premises should be occupied for?" and he (the bookkeeper) said it was, and that "there was not any question about it." Defendant manager still being unwilling to sign the lease, Stevenson says: "I told him, from what I knew of Mr. Campau— I didn't know him very well—(Objected to.) He signed it when I was in there."

Under the well-settled rule, defendant cannot be allowed to alter or vary the writing that he deliberately signed, by proof of conversations or oral agreements had or made prior thereto. The claim that the contract should be changed upon the ground of fraud or mistake is untenable. Defendant's manager deliberately signed the writing with full knowledge of its provision, with doubts of its sufficiency to cover the business contemplated upon a bare assurance of the bookkeeper (who is not shown to have had authority to give it) that Campau understood the purpose for which defendant rented the place, and Stevenson's assertion (if it can be called such) that there

would be no trouble about it. The defendant's claim to a reformation must be denied.

We are of the opinion, however, that the evidence shows that the complainant understood the purpose for which the defendant intended to occupy these premises, and made no objection until after the lease was executed, and the defendant had been to expense in moving his business. He knew that the basement was rented because it had commodious fire-proof vaults, which defendant intended to use for the storage of films. He testified that he supposed that the office would be used for the exhibition to defendant's customers of films in two machines which he (complainant) understood were to be used for that purpose. While we are not satisfied that the business carried on was a use of the premises for "office purposes only" or that the business was not within the term "extra hazardous" (which we find it unnecessary to determine), we think that complainant is not entitled to the relief he asks for several reasons. The bill is filed for an injunction to restrain defendant from conducting a business of keeping or storing films upon the premises. This is unconscionable under the proof, for, under complainant's theory, the defendant must not only forego the benefit of his lease, but must continue paying a rental of $1,200 per year for the premises. It cannot even sublet or assign its lease without written consent of the complainant. Relief by injunction is not a matter of right in a case like this. It rests in discretion.

"It is not enough to show that defendant is without right. The complainant who seeks equity must do equity, and must affirmatively show himself to be equitably entitled to the relief asked." 22 Cyc. p. 776, and cases cited."

That is the general rule in all equity cases, and there is no reason for relieving a complainant from it in a case where he asks the drastic relief of an injunction. We applied this rule in the case of *Edwards* v. *Mining Co.*, 38 Mich. 46 (31 Am. Rep. 301), where we held that—

"Injunctions are to prevent irreparable mischief and stay consequences that could not be adequately compensated. Their allowance is discretionary, and not of right, calls for good faith in the petitioner, and may be withheld if likely to inflict greater injury than the grievance complained of."

Again, we said in that case that:

"Where, by inviting an injury, one places himself in a position to call for an equitable remedy, his motives can be inquired into, even though he grounds himself on strict legal right."

See, also, *Turner* v. *Hart*, 71 Mich. 128 (38 N. W. 890, 15 Am. St. Rep. 243).

The proof in this cause, as we interpret it, also shows that the danger from fire arising from the business as conducted is comparatively small when measured by the increased insurance rates chargeable to its presence, while the precautions taken by the defendant minimize the actual hazard, and the rapid substitution of noninflammable films promises still further reduction of the danger. We have already adverted to the injury to the defendant if denied the privileges for which he rented the building, and is still compelled to pay rent. The following authorities are in point on this branch of the case: *McBryde* v. *Sayre*, 86 Ala. 458 (5 South. 791, 3 L. R. A. 861); *Trustees of Columbia College* v. *Thacher*, 87 N. Y. 311 (41 Am. Rep. 365); *Starkie* v. *Richmond*, 155 Mass. 188 (29 N. E. 770); *Clarke* v. *Clark*, L. R. 1 Ch. App. Cas. 16; *Durell* v. *Pritchard*, L. R. 1 Ch. App. Cas. 251; *Edwards* v. *Mining Co.*, 38 Mich. 46 (31 Am. Rep. 301); *Hall* v. *Rood*, 40 Mich. 46 (29 Am. Rep. 528); *Potter* v. *Railway*, 83 Mich. 297 (47 N. W. 217, 10 L. R. A. 176); 3 Pomeroy on Equity Jurisprudence (3d Ed.), § 1295, note.

The learned circuit judge who heard this cause was apparently convinced of the hardship and injustice of complainant's claim, and required his consent to a surrender of the lease by defendant as a condition of relief. We think that this was well within, and a conservative

exercise of, his authority, and more than complainant was justly entitled to, for it imposed costs upon the defendant, and, as both parties have appealed, there is no obstacle to doing full justice to the defendant in this court by dismissing the bill with costs of both courts, leaving complainant to his remedy at law, if upon a trial it shall be found that defendant's business as conducted is prohibited by the lease, a question we do not determine.

The bill is dismissed, with costs of both courts.

BLAIR, MONTGOMERY, OSTRANDER, and BROOKE, JJ., concurred.