JENNIE CURTIN, Respondent, v. GRAND LODGE OF MIS-
SOURI ANCIENT ORDER OF UNITED WORKMEN,
Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. The evidence is considered and held not to establish a cause of action.

2. Mutual Benefit Societies: WAIVER OF REQUIREMENTS OF BY-LAWS: POWERS OF SUBORDINATE LODGE. *Held*, in the course of discussion, that a subordinate lodge.has no power to waive the requirements of the by-laws of the parent organization, in so far as the rights of the latter are concerned.

3. ———: CONSTRUCTION OF AMBIGUOUS PROVISIONS OF BY-LAWS: ACTS OF PARTIES. *Held*, in the course of discussion, that in the construction of provisions of the by-laws of a benefit society, as in the construction of written contracts in general, the courts should give that meaning to ambiguous terms which was given thereto by the parties themselves.

*Appeal from the St. Louis County Circuit Court.*—Hon.
RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*Frederick H. Bacon* for appellant.

*W. C. & J. C. Jones* and *Alderson & McEntire* for
respondent.

ROMBAUER, P. J.—The defendant is a benevolent
society incorporated under the laws of this state, and
the plaintiff is the widow and beneficiary of Michael
Curtin, who was a member of the defendant corpora-
tion and as such held a benefit certificate therein for
the sum of $2,000, payable to the plaintiff.

This action is brought to recover from the defend-
ant the amount of the certificate. The petition states
that Michael Curtin complied with all the laws of the
order, and that the amount sued for is due to the
plantiff. The answer denies this fact, and states that
Curtin as such member was required to pay, on or
before May 28, 1894, three certain assessments of one
dollar each, duly levied by the corporation; that he had
failed to pay them, whereby he became suspended and
lost the benefit of the certificate in question, and was
not at the time of his death a member in good stand-
ing of the defendant corporation. The reply admits
that the assessments in question were legally levied,
and were not paid by Michael Curtin or any one in his
behalf, but pleads in avoidance of any forfeiture the
fact that he was, at and prior and subsequent to the
time when said assessments were called and became
payable, sick and disabled within the meaning of the
laws of the corporation, and was reported so to be to
his lodge, and hence under the laws of the association

he could not be suspended as a beneficiary, and his benefit certificate could not be suspended. The laws of the association relied on are set out in the reply, and are as follows:

"LAW 137. *No suspension during reported sickness.* Provided, that any member who is reported to the lodge or to the relief committee as being sick or disabled, and who is a beneficiary member according to the provisions of law 138, shall not become suspended on dues or *assessments* during such sickness or disability.

"LAW 138. *Who entitled to.* Any member of the lodge who, through sickness or disability, is unable to follow his usual business, or some other occupation, shall be considered a beneficiary member, entitled to receive such benefits as the by-laws prescribe."

On the trial of the cause before a jury there was evidence tending to show that Curtin became sick, and was reported as such to the relief committee March 22, 1894, and that he was reported sick to his lodge on the twelfth of April, 1894. On May 10 he was reported well to the lodge by two members of the relief committee. The suspension is claimed as having taken place, *ipso facto*, on May 28, by nonpayment of the three assessments which were levied May 1. Curtin died November 6, 1894. There was substantial evidence tending to show that Curtin was continually sick so as not to be able to follow his usual avocation from the latter part of March, 1894, until the date of his death. The jury found for the plaintiff.

The complaint of appellant is that this verdict was unwarranted under the uncontroverted facts, and that the court instructed the jury erroneously.

The pleadings admit, and the testimony concedes, that the three assessments made May 1, 1894, and payable on or before May 28, were not paid by Curtin. It is equally conceded that their nonpayment worked a

forfeiture of Curtin's certificate, unless there is some provision in the laws of the order which prevented such forfeiture owing to Curtin's continued illness. The question, therefore, which lies at the very threshhold is, what is the true meaning of the defendant's laws on this subject, as both parties are conclusively bound by such laws ( *Coleman v. Supreme Lodge Knights of Honor*, 18 Mo. App. 189), and the officers and members of the inferior lodge had no power to waive any requirement of such laws as far as they affected the rights of the parent corporation. *Borgraefe v. Knights of Honor*, 22 Mo. App. 127–142; *Harvey v. Grand Lodge*, 50 Mo. App. 477.

In solving this question we are embarrassed by the fact, that the laws of the order controlling this subject contain *seemingly* a senseless jumble of two propositions measurably independent of each other, the rights of a sick fund beneficiary and those of a death fund beneficiary. The first of these funds is logically within the exclusive control of the subordinate lodge, and provided for by dues payable to such lodge. The second is within the exclusive control of the parent corporation and provided for by assessments called by, and payable to, such corporation. The plaintiff's reply contains only that fraction of such laws, which is particularly favorable to the plaintiff's claim of nonforfeiture. The entire laws bearing upon this subject are as follows:

#### LODGES—PAYMENT OF SICK BENEFITS.

"LAW 137. *Must be paid.* Subordinate lodges may or may not provide in their by-laws for the payment of weekly sick benefits.

"*No suspension during reported sickness.* Provided, that any member who is reported to the lodge or to the relief committee as being sick or disabled, and who is a

beneficiary member according to the provisions of law 138, shall not become suspended on dues or assessments during such sickness or disability.

"LAW 138.     *Who entitled to.*     Any member of the lodge who, through sickness or other disability, is unable to follow his usual business, or some other occupation, shall be considered a beneficiary member, entitled to receive such benefits as the by-laws prescribe.

"*If not in arrears.*     Provided, that such member is not in arrears to the lodge to the amount of three months dues, and that he is a member of the Workman degree.

"*Sickness must not be of a permanent character.* And that his sickness is not of a permanent character or such as does not prevent other men, similarly afflicted, from pursuing their avocations.

"*Or result from vices.*     And provided, that his sickness or disability has not originated from intemperance, vicious or immoral conduct.

"*Or disease previous to initiation.*     And provided, he is not disabled by any disease or infirmity by which he was afflicted previous to his initiation into the lodge.

"*Lodge may reduce amount at end of six months.* And provided, that the lodge may reduce the benefits for a brother fifty per cent, if the lodge had been paying him sick benefits for the space of six months.

"*Three months in arrears.     No benefits..* Any member who shall be taken sick or disabled, while in arrears to the lodge to the amount of three months dues, can not by payment of his arrearages become beneficiary during his sickness."

It is apparent that the provisions of these two laws refer exclusively to sick benefits.   This is indicated by

.their title, which in case of ambiguity is entitled to consideration. It is also indicated by mentioning the benefits as such which the by-laws prescribe. It is expressly stated that the lodges may or may not provide in their by-laws for the payment of sick benefits. These general laws merely indicate what provisions shall form part of said by-laws, whether incorporated therein or not, because the lodge could pass no by-law which is in contravention of the laws of the order. Starting from these premises which will not be gainsaid, the further question arises who is beneficiary member within the purview of the law 138. Is it one who holds a benefit death certificate, or is it one who is entitled to receive such benefits as the by-laws prescribe, namely, sick benefits? Clearly the latter, because the law itself says he shall be a beneficiary member entitled to receive such benefits *as the by-laws prescribe.* The by-laws can not prescribe who shall be a beneficiary member of the death benefit fund, because that is under the control of the parent corporation and not under the control of the lodge.

Construing the various provisions of these laws together, as we must do, we can not give any other meaning to the term beneficiary. To hold that a man shall not be a beneficiary of a death fund, if his sickness is of a permanent character, would be absurd, while to hold that he shall not be the beneficiary of a sick fund is very reasonable, and in harmony with another clause which provides that the lodge may reduce the benefits for a brother fifty per cent if the lodge had been paying him sick benefits for the space of six months. It is evident that the laws of the order may intelligently provide that he shall remain a beneficiary of the sick fund even if he fails to pay his assessments to the parent corporation, but it is hardly conceivable that he should remain a beneficiary of the

death fund, which is exclusively the result of assessments, even though he fails to pay such assessments for an indefinite time. The result of such a holding would throw the entire burden of the mutual insurance on those members of the death benefit fund who are well, and is opposed to any scheme of insurance of which we are aware. Nonpayment of assessments, whatever the cause may be, has always been held to be good ground of forfeiture of the benefits of an insurance fund which is the result of assessments. *Hawkshaw v. Supreme Lodge*, 29 Fed. Rep. 770; *Yoe v. Masonic M. B. Association*, 63 Md. 86; *Klein v. Insurance Company*, 104 U. S. 88.

We have stated before that the pleadings concede that Curtin failed to pay the three assessments due to the parent corporation on or before May 28, 1894. They likewise concede that such nonpayment worked, *ipso facto*, a forfeiture of his benefit certificate, unless there is something in the laws of the corporation which excused the nonpayment on account of his sickness. The laws of the corporation admit of no such construction, and we must therefore conclude that the plaintiff has, under the pleadings and evidence, failed to show any right of recovery. *Smith v. Knights of Father Mathew*, 36 Mo. App. 184. Under these circumstances we need not enter into a detailed examination of the instructions, as the questions therein raised could not arise upon retrial, should one be had.

The foregoing opinion, however, deals solely with the question, how the ambiguities in laws 137 and 138 must be resolved in the absence of extrinsic evidence, since no extrinsic evidence was offered in aid of their solution. Should it be shown upon a retrial that the parties making these contracts, namely, the parent corporation and the beneficiaries of its mortuary fund, have heretofore in their dealings with each other given

Marler v. City of Springfield.

to the term beneficiary, as used in law 138, a meaning more comprehensive and sufficiently broad to include a death beneficiary, then such construction should prevail, because courts, in construing contracts, should give that meaning to ambiguous terms employed by the parties which they themselves have given to such terms. *St. Louis Gaslight Company v. City of St. Louis*, 46 Mo. 121–128; *Jones v. DeLassus*, 84 Mo. 541; *Mathews v. Danahy*, 26 Mo. App. 663.

All the judges concurring, the judgment is reversed and the cause remanded.