GEORGE T. LEWIS, Administrator of GEORGE A. LEWIS, Deceased, Respondent, v. WESTERN FUNERAL BENEFIT ASSOCIATION, Appellant.

St. Louis Court of Appeals, December 27, 1898.

1. **Fraternal Beneficial Association:** FORFEITURE OF BENEFITS. A forfeiture conditioned to take effect upon suspension of a member of a fraternal beneficial association, does not attach until the member is actually and legally suspended. Such a defense is *strictissimi juris* not favored by the law, and can only be invoked when every step necessary to create it has been taken with technical accuracy and completeness.

2. ———: ———: WAIVER. In the case at bar, the trial court was at full liberty under the facts in this record to take the view of a waiver on the part of the subordinate council of the delinquency of the deceased in the matter of the payment of dues.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

J. W. COLLINS for respondent.

There never was any legal suspension of the deceased G. A. Lewis, either by the Western Funeral Benefit Association, appellant, or by St. Louis Council No. 1, Junior Order United American Mechanics, of which he was a member. The appellant and said St. Louis Council No. 1 recognized and treated him as a member until the time of his death. The dues of deceased were fully paid to appellant and he could not be legally suspended by St. Louis Council No. 1, on the notices sent him by the council on January 5 or

6 and February 8, 1897, the day of his death, which
fail to comply with article 10, of the by-laws of said
Council No. 1, which are part of the contract.    Such
notices are insufficient in that they require payment of
his entire dues.   They fail to give a date for payment,
or the date of the council meeting four weeks from
which he would be liable to suspension, and do not
notify him that he will be liable to suspension on the
fourth meeting thereafter, unless his dues, or amount
thereof sufficient to reduce the same to eight weeks
dues, are paid by the fourth meeting after such date as
required by said article 10.   And he had not sufficient
notice in point of time.   His suspension was null and
void under the notices and he was in good standing.
Mulroy v. Knights of Honor, 28 Mo. App. 468; Hoeff-
ner v. Grand Lodge, 41 Mo. App. 359; Siebert v.
Chosen Friends, 23 Mo. App. 272; Forse v. Supreme
Lodge, 41 Mo. App. 117; Borgraffe v. Knights of
Honor, 22 Mo. App. 142; Olmstead v. Farmers' Ins.
Co., 50 Mich. 200; Connelly v. Masonic Ass'n, 58
Conn. 557; Johnson v. Lyttle, Etc., Agency, 5 Chan.
Div. 687; Bacon Benefit & Ins. [2 Ed.], sec. 385. The
appellant having denied its liability on other grounds
than proof of death, such proof was not necessary.
Mulroy v. Knights of Honor, 28 Mo. App. 467; Bacon
Benefit & Life Ins. [2 Ed.], sec. 409.   The defense by
appellant that the constitution of the Grand Council of
the Junior Order U. A. M. debars plaintiff's recovery
can not be maintained.    *First.*   Because the certificate
in suit refers to and makes its liability to depend upon
the by-laws of St. Louis Council No. 1 of the Junior
Order United American Mechanics, and the laws of
appellant alone, of which deceased was a member, and
appellant's liability is measured by no other constitu-
tions or laws.    *Second.*   The constitution of said Grand

Council, which is a separate and distinct organization from appellant, has reference to the sick disability and death benefits provided by the Grand Council for its members by article 10, sections 2 and 3 of said constitution.

HAINER & HODGDON for appellant.

The contract sued on is the certificate read in connection with the laws of the subordinate council and the laws of defendant association. Harvey v. Grand Lodge, 50 Mo. App. 472, and cases cited at — App. 477, 478; Grand Lodge v. Sater, 44 Mo. App. 445, 452; Ellerbe v. Faust, 119 Mo. 653; 4 Bacon Ben. Soc. & Life Ins. [2 Ed.], sec. 414a, p. 824. And members are charged with notice of what those laws contain; and in order to participate in the benefit fund the payment of dues is a condition precedent. McMurry v. Supreme Lodge, 20 Fed. Rep. 107; Borgraefe v. Knights of Honor, 22 Mo. App. 127; Harvey v. Grand Lodge, 50 Mo. App. 472, and cases cited at pp. 477, 478; Ashbrook v. Ins. Co., 94 Mo. 72. The failure of deceased to contribute to the benefit fund at the time prescribed by the laws of his council and the laws of defendant association precludes recovery by his legal representative even though the deceased was not formally and technically suspended by his council for such default. McMurry v. Supreme Lodge, 20 Fed. Rep. 107; Supreme Council v. Curd, 111 Ill. 284; Scheele v. State Home Lodge, 63 Mo. App. 277; Reichenbach v. Ellerbe, 115 Mo. 588, 595, 596; Borgraefe v. Knights of Honor, 22 Mo. App. 127; Benevolent Society v. Baldwin, 86 Ill. 479; Ellerbe v. Faust, 119 Mo. 653. The statement in the certificate that it "ceases to be valid (1) when the holder withdraws from or (2) ceases to

fulfill the requirements of the subordinate council Jr. O. U. A. W. of which he is a member" are self-executing provisions. Householder v. Kansas City, 83 Mo. 488; Supreme Souncil v. Curd, 111 Ill. 284; Ellerbe v. Faust, 119 Mo. 653.

BOND, J.—The defendant order issued the following certificate:

"CERTIFICATE OF MEMBERSHIP          No. 3649,
OF THE
WESTERN FUNERAL BENEFIT ASSOCIATION.

"St. Louis, Mo., March 12, 1896.

"This certifies that Geo. A. Lewis is a member of the Western Funeral Benefit Association, Jr. O. U. A. M., and is entitled to death benefits in the sum of two hundred and fifty ($250) dollars, which shall be payable to his legal representative for the benefit of his next of kin, under and in accordance with the provisions of the Constitution and By-laws of this association.

"J. G. INGRAM, President,
"G. G. HAIZLIP, Secretary.

"This certificate ceases to be valid when the holder withdraws from or ceases to fulfill the requirements of the subordinate council, Jr. O. U. A. M. of which he is a member, or when the said council fails to comply with the laws of the association."

The beneficiary therein died on February 8, 1897, and plaintiff was appointed as his administrator, and demanded payment of the sum specified in the above certificate, which was refused. He was furnished with a statement showing that the deceased owed the subordinate council number 1, of which he was a member, $4.90 dues. The administrator proffered to pay this

sum, which was refused. On the eleventh day of February, 1897, three days after the death of the intestate, the following notice was received by the administrator through the mail:

"BOWMAN'S HALL, No. 2, ELEVENTH AND LOCUST STS.,
                                                Jan. 25th, 1897.

"Bro. G. A. Lewis, 302 Market St.

"You are indebted to St. Louis Council No. 1, Junior Order United American Mechanics $4.00 to Jan. 1st, 1897. Unless payment be made prior to the day —— of —— 189 you will be placed on the Honor roll, and in case of sickness or death will not be entitled to benefits. Yours in V. L. & P.

                            "A. H. COMFORT,
                            "Financial Secretary."

The envelope showed this was posted 9:30 A. M. on February 8, 1897. The laws of the defendant order provided that a certificate like the above is annulled by the suspension of the beneficiary or of the local council of which he is a member. The law of the subordinate order, council number 1, of which the deceased was a member, provided that any of its members who are "13 weeks in arrears for dues, forfeits all the rights and privileges, except that of being admitted into the council chamber during its sessions. On the fourth of January, 1897, deceased was in arrears to his council for $4, or twenty-four weeks dues. He was never formally suspended by his council, nor by the defendant order, nor was his council number 1 suspended by the defendant order. The administrator brought suit before a justice, after an appeal from whose judgment the cause was tried in the circuit court without a jury, and judgment rendered for plaintiff, from which defendant appealed to this court.

No instructions having been asked or given on the submission of the case, the judgment must be affirmed, if the law applicable to any view of the evidence would entitle plaintiff to recover. It has been recently decided by this court that a forfeiture conditioned to take effect upon suspension of a member of a fraternal-beneficial association, does not attach until the member is actually and legally suspended. Such a defense is *strictissimi juris* not favored by the law, and can only be successfully invoked when every step necessary to create it has been taken with technical accuracy and completeness. Puhr v. Grand Lodge German O. of H. No. 7283, unreported. As it is not claimed by the learned counsel for appellant that the record shows a valid suspension under this rule, there certainly was no error on the part of the trial court in holding that the administrator was not precluded on the ground of the suspension of the beneficiary before his death.

It is however argued with force and ingenuity that the last clause of the certificate, *supra*, in express terms provides for its invalidity in three contingencies. The one insisted upon by appellant being, that it ceases to be valid "when the holder ceases to fulfill the requirements of the subordinate council of which he is a member." It is urged that this is a self-executing condition upon which the right to the fund mentioned in the certificate turned, and that it happened in this case because the member was in arrears for dues to his subordinate council, contrary to its laws, for more than thirteen weeks. This law of the subordinate council as to the effect of nonpayment of its dues for thirteen weeks on the part of its members was intended to govern its relations with its members, and the penalty of suspension might have been imposed for noncompliance with its terms; or it might have been waived. In this record there is positive evidence of

such waiver in the notice mailed on the day of the death of the member requiring him to pay the dues then in arrears. Upon this evidence the trier of the fact had the right to make a finding of the waiver on the part of the subordinate lodge of this requirement. If he so found, then nothing was left to which the clause of the certificate, under review, could be applied, and the argument of the learned counsel must fail because of a contrary finding of the facts upon which it is based. As the court was at full liberty under the facts in this record to take the view of a waiver on the part of the subordinate council of the delinquency of the deceased in the matter of the payment of dues, its judgment under the law applicable to such finding was correct and will be affirmed. All concur.