REBECCA KNODE, Plaintiff in Error, v. MODERN
WOODMEN OF AMERICA, Defendant in Error.

Kansas City Court of Appeals, June 2, 1913.

1. FRATERNAL BENEFICIARY ASSOCIATIONS: Ipso Facto
Suspension: Forfeiture. Provisions, in the laws of a fra-
ternal society for the prompt payment of benefit assessments
and prescribing a self-executory suspension and forfeiture of
insurance as a penalty for failure to make prompt payments,
are reasonable and will be enforced by the courts.

2. ————: Failure to Pay Dues: Suspension: Notice to Member.
Where the contract, as evidenced by the certificate, constitution,
and by-laws, of a fraternal society, does not make the provi-
sions for the prompt payment of dues and assessments self-
executing, but merely provides that a failure to pay shall con-
stitute a ground for suspension and forfeiture, it does not
become effective until the forfeiture and suspension are declared
by the order and notice of such action given the delinquent
member.

3. ————: Waiver: Dues Paid by Lodge. Where the laws of the
order do not authorize subordinate lodges to pay dues of
members during sickness or allow such lodges or their officer to
make agreements that would alter or waive any of the general
laws, the promises and representations of the clerk of a local
lodge that a member's dues will be paid by the lodge during
his illness, does not constitute a waiver of the laws of the order
requiring prompt payment of dues.

Error to Jackson Circuit Court.—*Hon. James H.
Slover,* Judge.

AFFIRMED.

*B. D. Smith* and *John Sullivan* for defendant in
error.

*E. W. Shannon* and *Botsford, Deatherage & Crea-
son* for plaintiff in error.

JOHNSON, J.—This is an action on a death bene-
fit certificate issued by defendant to James S. Knode,
November 19, 1902. It is conceded that defendant is

a fraternal beneficiary society incorporated in Illinois and authorized to do business in this State and that the certificate should be treated as a fraternal beneficiary contract. Knode joined the order at Kansas City and died in that city on January 23, 1904. Plaintiff was his mother and one of the beneficiaries named in the certificate. The defenses interposed in the answer are founded on the alleged fact that a lawful assessment levied by defendant for the month of March, 1903, and payable on or before the first day of the following month was not paid, and on the conceded fact that the dues and monthly assessments for the succeeding months to the date of Knode's death were not paid by him or for him. The first defense is that the failure to pay the March assessment, *ipso facto,* suspended him as a member and forfeited the insurance and the other defenses are based on the theory that in failing to pay or offer to pay the subsequent dues and assessments, Knode acquiesced in his suspension and the forfeiture of his certificate and abandoned his insurance.

Plaintiff contends and her evidence tends to show that Knode paid the assessment for March, 1903, in the time required by the contract. She concedes that the subsequent dues and assessments were not paid by him but states and is corroborated in the statement by another witness, that the clerk of the lodge of which her son was a member repeatedly assured her, during her son's last illness, which began in the fall of 1902, that the lodge would pay the dues and assessments and during the period of the alleged abandonment of the contract repeated the assurance and told her that the lodge had been keeping up the payments. Her evidence does not show that any of the superior officers of the order knew of these promises or that they were made in pursuance of any custom of the local lodge, known to or acquiesced in by the supreme

lodge or its officers. The fact that such promises were made is disputed in the evidence of defendant.

The certificate states that it is issued in consideration of the agreement of the member "to pay all assessments and dues that may be levied during the time he shall remain a member of this society," that failure to pay a monthly assessment "on or before the first day of the month following the date of the notice of levy" shall forfeit the certificate, and further provides that "this certificate and contract is and shall be subject to forfeiture for any of the causes of forfeiture which are now prescribed in the by-laws of this society."

The by-laws require that notice of monthly assessments shall be given in the official paper published by the society, a copy of which shall be mailed to each beneficial member and that "mailing copy of paper shall be notice to member of assessments." The by-laws relating to the suspension of a member and the forfeiture of his certificate states that "every beenficial member when so notified that a benefit assessment has been levied and ordered collected by the board of directors, who shall fail to pay same on or before the first day of the month following the date of said notice . . . shall *ipso facto* become suspended and during such suspension his benefit certificate shall be absolutely null and void." Another section forbids the clerk of a local camp from collecting or receiving payment of assessments of dues from a suspended member "if, at the time tender was made, the member was in impaired health, nor unless furnished with a warranty of good health."

Reinstatement of a suspended member is allowed by the by-laws within sixty days after suspension for nonpayment of assessments, fines or dues on the payment of all arrearages, provided that "he be in good health at the time of reinstatement and furnish to the clerk of this local camp a written warranty to such

effect, signed by himself, which said warranty shall be immediately transmitted by the local clerk to the head clerk and thereupon the head clerk shall file the same and notify such member of his reinstatement.''

Reinstatement after sixty days and within six months after suspension is allowed on payment of all arrearages, passing a medical examination by the camp physician, and the payment of certain small fees. Plaintiff, who was living with her son during his last illness, testified that he did not receive any copies of the official paper through the mail or otherwise and had no notice from defendant of his suspension.

Only a small part of the evidence heard at the trial is included in the abstract and we are left in the dark as to the evidence bearing on many of the important issues contested at the trial. We shall regard all such issues as having been properly resolved in favor of defendant and, therefore, assume that the official papers published by defendant were mailed to the last known address of Knode.

At the request of plaintiff the jury were instructed that although they might ''believe from the evidence that the assessment claimed by the defendant to have been due and payable during the month of April, 1903, was not paid by the said James S. Knode or anybody for him, yet, if the jury believe that the defendant by its acts and conduct as shown by the evidence led the said Knode to believe that a forfeiture would not be insisted upon her failure to pay said assessment, then the defendant has waived such alleged forfeiture and it cannot constitute any defense to this action.''

Among the instructions given at the instance of defendant were the following: (1) ''The court instructs the jury that even if you find from the evidence that Mr. Knode or some one for him tendered or paid his assessment for April, 1903, that if you find

that between May 2, 1903, and January 23, 1904, being the date of his death, Mr. Knode did not pay or offer to pay further dues or assessments, nor take any action towards disaffirming his suspension, then Mr. Knode must be held to have abandoned his membership and acquiesced in his suspension; and your verdict must be for the defendant (unless you find said payments were waived by defendant.)'' The part in parentheses interlined by the court.

"(4). The court instructs the jury that even if you find from the evidence that Mr. Knode, or somebody for him, paid the April, 1903, assessment prior to May 1, 1903, and that he was illegally and improperly suspended, that unless you find from the evidence that he made some effort to gain his rights of membership in the society, prior to his death, he must be holden to have acquiesced in such suspension and to have abandoned his membership; and your verdict must be for the defendant, provided you further find from the evidence that notice of his suspension was mailed to his regular address (and received at such address) prior to the death of said James S. Knode." The part in parentheses interlined by court.

"(5) The court instructs the jury that defendant is a fraternal beneficiary society, and that the application for membership, benefit certificate and by-laws in force during the time involved in this case, were each and all included in and constituted the contract between the members of the society, and that each was bound by all of the terms and conditions therein included."

The jury returned a verdict for defendant and the case is here on a writ of error sued out by plaintiff.

The errors assigned by counsel for plaintiff relate to the instructions given at the request of defendant but in our view of the case it will not be necessary to speak of these assignments. We shall take plaintiff on the ground of her own selection and concede that

the assessment for March, 1903, was paid by her son in proper time and, therefore, that the defense resting on the contrary assertion must fall, and, further, we shall assume that no notice of suspension was given by defendant on account of the failure of Knode to pay the March assessment or the dues and assessments subsequently levied each month.

But with these concessions we think the evidence of plaintiff shows that her son was not a member in good standing at the time of his death and that the certificate had become forfeited because of his failure to pay the dues and monthly assessments that accrued from April, 1903, to the date of his death in the following January. We do not agree with counsel for plaintiff that his suspension could not become effective until he had received notice of it from defendant. The by-laws did not require defendant to give notice of suspensions or forfeitures, but on the contrary, provided that a failure to pay assessments and dues at stated times should, *ipso facto,* constitute a suspension and forfeiture.

Provisions in the laws of a fraternal society for the prompt payment of benefit assessments are of the substance and essence of its insurance contracts and a law of the order prescribing a self-executory suspension of the member and forfeiture of his insurance as a penalty for his failure to make prompt payments is reasonable and will be enforced by the courts. [Harvey v. Grand Lodge, 50 Mo. App. 472; Curtin v. Grand Lodge, 65 Mo. App. 297; Lavin v. Grand Lodge, 104 Mo. App. 1; Burke v. Grand Lodge, 136 Mo. App. 450; Woodmen v. Tevis, 117 Fed. Rep. 369; McMahon v. Maccabees, 151 Mo. 522.]

Where the contract, as evidenced by the certifiate, constitution and by-laws of the order, does not make the provisions insuring the prompt payment of dues and assessments self-executing, but merely provides that a failure to pay shall constitute a ground for

suspension and forfeiture, it does not become effective
until the forfeiture and suspension are declared by
the order and notice of such action given the delin-
quent member. [Seehorn v. Catholic Knights, 95 Mo.
App. 233.] But the parties have a right to stipulate
in their contract that a failure of the insured to pay
as agreed, of itself, shall terminate the insurance with-
out notice and such we find to be the character of the
contract under consideration.

Knode knew, for his contract so told him, that
monthly assessments were being levied with clockwork
regularity and yet for nine months he failed to make
any payments, though he knew that the omission to
pay a single assessment would, *ipso facto,* forfeit his
certificate. We cannot do otherwise than to hold that
he had ceased to be a member in good standing and
had forfeited the insurance, unless we should find evi-
dence of a waiver of the suspension and forfeiture
by defendant. The waiver claimed by plaintiff con-
sists of the alleged promises and representations of
the clerk of the local lodge to Knode that his dues
and assessments would be paid by that lodge during
his sickness. The laws of the order did not require
or authorize subordinate lodges to extend such favors
nor did they allow such lodges or their officers to make
agreements or promises that would alter or waive any
of the general laws, especially those of the essense of
defendant's insurance contract. Under a contract of
such character it devolved on plaintiff, if she would
establish a waiver based on the promises of the clerk
to show, as was done in the Burke case (supra) that
the promises were made in pursuance of a practice
of the local lodge, known to, or acquiesced in, by de-
fendant or some of its chief officers, or, in some man-
ner, had the sanction and approval of the general gov-
erning body of the order.

"A member dealing with a subordinate officer
of the Society knowing his duties to be prescribed

by law, has no right to rely upon the act of that officer, if he should attempt to waive a requirement which, under the law he has no right to waive. But where he has dealings of that kind with such officer and those dealings are of such a nature that they must pass under the observation of those who have in charge the ultimate management of the company's affair to such an extent as to justly induce the member to believe that the practice is approved by the company itself, the company is estopped to take advantage of the situation.'' [McMahon v. Maccabees, supra.]

The record shows nothing more in favor of plaintiff's position than the bare fact that a subordinate officer made promises which her son knew he had no authority to make. A waiver cannot be predicated upon such evidence.

These considerations lead to the conclusion that, since plaintiff's own evidence indisputably shows a forfeiture of the insurance before the death of her son, the judgment is for the right party and should not be disturbed. Accordingly the judgment is affirmed.

All concur.