NELLIE A. KITCHEN et al., Appellants, v. MELVILLE A. HAWLEY, Respondents.

St. Louis Court of Appeals, October 1, 1910.

1. CONVEYANCES: Restrictive Covenants: Construction: Building Restrictions. The law, as a rule, favors the free and untrammeled use of real property, and restrictions of the fee in covenants are regarded unfavorably and strictly construed, doubts as to their construction being resolved in favor of the
150 App.—32

grantee, but this rule of construction is subject to the rule requiring the courts to give effect to the plain intention of the parties, as gleaned from the language employed in the covenant when viewed in the light of the entire context of the instrument.

2. ———: ———: ———: ———. Where a conveyance enters into detail in specifying certain matters as interdicted, it is to be presumed, if nothing to the contrary appears from the context of the instrument, that matters of a nature not thus excluded are intended as a proper use of the property.

3. NUISANCES: Hotels: Not Nuisance Per Se. A hotel is not *per se* a nuisance.

4. HOTELS: Business Place. A hotel is, in a way, a "business place."

5. BUILDING RESTRICTIONS: Erection of Hotel: Construction of Covenants. A covenant in a deed prohibited the grantee or those claiming under him from constructing a dwelling house less than two stories high on the property, or more than one such dwelling on each fifty feet front of such lot, or one costing less than $4000, or from locating such dwelling nearer than thirty feet to the street line, or from constructing any stable or outhouse nearer than one hundred feet to any public driveway, or from constructing any nuisance, livery stable, or manufacturing plant thereon, or any building to be used as a grocery store, bar room, or business place for the sale of any kind of merchandise. *Held*, that said covenant did not prohibit the erection of a hotel.

Appeal from St. Louis City Circuit Court.—*Hon. M. N. Sale,* Judge.

AFFIRMED.

*A. M. Frumberg* for appellants; *Alexander R. Russell* of counsel.

(1) Covenants in a deed restricting the character of buildings to be erected should be fairly and reasonably construed so as to carry out the evident purpose of the restriction. 1 Jones on Real Property, sec. 735; Sanders v. Dixon, 114 Mo. App. 229; MacGregor v. Linney, 27 Ohio Cir. 490; Meigs v. Milligan, 177 Pa. St. 74; Schenck v. Campbell, 11 Abb. Pr. 292; Harris v. Rora-

back, 137 Mich. 292; Dorr v. Harrahan, 101 Mass. 532. (2) Such covenants should be construed in the light of the circumstances surrounding their creation and the situation of the parties affected thereby. Schenck v. Campbell, 11 Abb. Pr. 292; Skillman v. Smatheurst, 57 N. J. Eq. 1; Phillips v. Treeby, 8 Jur. (N. S.), 999; Buck v. Adams, 45 N. J. Eq. 552. (3) A covenant prohibiting the construction of more than one dwelling house should be construed to prohibit the erection of any sort of a building other than a dwelling house. Rogers v. Hosegood, 2 Ch. 388; Schenck v. Campbell, 11 Abb. Pr. 292; Blakemore v. Stanley, 157 Mass. 6; Child v. Douglas, Kay, 567; MacGregor v. Linney, 27 Ohio Cir. 490; Sanders v. Dixon, 114 Mo. App. 229; Pank v. Eaton, 115 Mo. App. 177. (4) Whether in its ordinary meaning, a building is a "dwelling" or a "dwelling house," depends upon its structure and arrangement rather than upon its use. Ivarson v. Mulvey, 179 Mass. 141; Rhodes v. McCormack, 4 Iowa 368; In re Lammer, 7 Biss. 269; Thomas v. Assurance Co., 162 Mass. 29; Insurance Co. v. Johnson, 4 Kan. App. 21. (5) A hotel or lodging house is not a dwelling nor a dwelling house. Thomas v. Assurance Co., 162 Mass. ——; Gannett v. Albree, 103 Mass. 372; People ex rel. v. D'Oench, 111 N. Y. 359; Parker v. Nightingale, 6 Allen 345; German v. Chapman, 7 Ch. Div. 271.

*McDonald & Taylor* and *Joseph A. Wright* for respondent.

(1) This action has been rested from its inception on the determination of appellants' counsel to have the court infer from present conditions that the original grantor of the restricted lands intended to create a limitation, in improvement and use, that clearly is not created by the language of the covenant. Carr v. Riley, 198 Mass. 70; Baptist Social Union v. Boston University, 183 Mass. 202; Kitching v. Brown, 180 N. Y. 414; 70

L. R. A. 742; Druecker v. McLaughlin, 235 Ill. 367; Telegraph Co. v. Telegraph Co., 155 Ill. 335. (2) "The law favors the free and untrammeled use of real property. Restrictions in conveyances of the fee are regarded unfavorably and are, therefore, strictly construed." Scharer v. Pantler, 127 Mo. App. 432; Stone v. Pillsbury, 167 Mass. 332; Carr v. Riley, 198 Mass. 70; Hutchinson v. Ulrich, 145 Ill. 336; Eckhart v. Irons, 128 Ill. 568; Telegraph Co. v. Telegraph Co., 155 Ill. 335; Kitching v. Brown, 180 N. Y. 414; Blackman v. Striker, 142 N. Y. 555; Grafton v. Moir, 130 N. Y. 465; Sonn v. Heilberg, 56 N. Y. Supp. 341; 6 Am. and Eng. Ency. Law (2 Ed.), 513; 1 Washburn Real Property, 3, 7. (3) Bearing in mind this primary rule of construction, restrictive covenants will be fairly construed to carry out the evident intent of the parties, but extrinsic circumstances and conditions will be considered only when the language used is obscure. And all doubts must be resolved in favor of free use of property and against restrictions: Kitching v. Brown, 180 N. Y. 414; 70 L. R. A. 742; Hurley v. Brown, 44 N. Y. App. Div. 480; Kurtz v. Potter, 44 N. Y. App. Div. 262; Sonn v. Heilberg, 56 N. Y. Supp, 341; Boyd v. Kerwin, 15 N. Y. Supp. 721; White v. Collins, etc., 81 N. Y. Supp. 434; Walker v. Renner, 60 N. J. Eq. 493; Durgea v. New York, 62 N. Y. 596; Lloyd, Building and Buildings, sec. 148; Hamilton on Covenants, 20, 21; 11 Cyc., p. 1078. (4) By expressly excluding certain structures and occupations the grantor must be ruled to have have impliedly included and privileged all other structures and business uses thereof and thereon—such as churches, schools, hospitals, office buildings, club houses and others not specifically excluded. Where parties have contracted in writing with express stipulations it is manifestly improper to extend these by implication; the presumption is that, having expressed some they have expressed all the conditions by which they are to be bound. Pank v. Eaton, 115 Mo. App. 171; Carr v. Riley, 198 Mass. 70;

Clark v. Lee, 185 Mass. 223; Stone v. Pillsbury, 167 Mass. 332; Kitching v. Brown, 180 N. Y. 414; Clarke v. Devoe, 124 N. Y. 120; Hutchinson v. Ulrich, 145 Ill. 336; 11 Cyc. 1077-1078.

NORTONI, J.—This is an injunction proceeding by which it is sought to restrain defendant from erecting a building in violation of an alleged covenant of restriction. The court declared as a matter of law on the face of the petition that the erection of a building described therein would not infringe the restriction pleaded and gave judgment for defendant accordingly. From this judgment plaintiff prosecutes an appeal.

It appears from the petition that about 1887 the Western Realty Company formulated a plan to sell and dispose of certain lots in the city of St. Louis subject to the restrictive covenants hereinafter set forth. Plaintiffs and defendant, at different dates, purchased adjoining lots, all of which are subject to the easement prescribed in the covenant. Plaintiffs erected dwellings on their lots in compliance with the covenants therein contained and now reside therein with their families. Defendant was proceeding to erect a hotel building on his lots when this action was instituted to restrain him from so doing. It is averred in the petition that defendant and all other persons who succeeded to the title of the Western Realty Company to any of the lots in the block of ground referred to enjoy the same subject "to and limited by the following exceptions, reservations, conditions and reversions, that neither said grantee nor anyone claiming by, through or under him, prior to the 31st day of December, A. D. 1920:

"1. Shall construct or allow to be constructed in the premises above described any dwelling house less than two stories in height.

"2. Shall construct or allow to be constructed more than one such dwelling on each fifty feet front of said lot.

"3.   Shall construct or allow to be constructed thereon any dwelling to cost less than four thousand dollars in cash, nor locate or erect such dwelling nearer than thirty feet to the line of the street on which such dwelling fronts.

"4.   Shall construct or allow to be constructed any stable, shed or outhouse nearer to any public driveway than one hundred feet.

"5.   Shall construct or allow to be constructed or erected or to exist, any nuisance, or any livery stable or manufacturing establishment of any kind on said premises.

"6.   Shall construct or allow to be constructed, used or occupied any grocery store, bar room, or business place for the bargain and sale of any kind of merchandise on said premises."

The petition avers that plaintiffs and others owning property in the block have constructed dwelling houses in which they reside, in accordance with the covenants aforesaid, but that defendant, in violation thereof, is now engaged in erecting on his lots a building forty-eight feet front by a depth of eighty feet, intended for business and commercial purposes, to-wit, a hotel or lodging house; that according to the plan of the building filed with the building commissioner of the city of St. Louis, and upon which the permit for its erection was issued, said building, if allowed to be erected, will contain in the basement a bath room, laundry, fuel room and furnace room; on the first floor, a reception hall, sitting room, parlor, dining room, kitchen, store room, one bath room and six chambers or single bedrooms; and on the second floor a hall, two bath rooms and twelve chambers or single bedrooms.

Judgment was given to the effect that though defendant was then engaged in erecting a hotel building as described in the petition, it did not infringe the restrictions contained in the deed. We believe the court properly disposed of the case; as the restrictions sought

to be invoked may not be implied, and there appears to be no inhibition contained in the covenant against the proposed hotel. It is entirely clear that the building described as being erected by defendant does not fall within the express inhibition contained in the deed. The law as a rule favors the free and untrammeled use of real property. Restrictions of the fee in conveyances are therefore regarded unfavorably and strictly construed. Doubts in such restrictions are to be resolved in favor of the grantee in the deed to the end of free use. [Scharer v. Pantler, 127 Mo. App. 433, 105 S. W. 668; 6 Am. and Eng. Ency. Law (2 Ed.), 513; Hutchinson v. Ulrich, 145 Ill. 336; Stone v. Pillsbury, 167 Mass. 332; Hurley v. Brown, 44 N. Y. App. Div. 480, 483.] But, of course, the rule of construction thus stated is subject to that which obtains with respect to all contracts requiring the courts to give effect to the plain intention of the parties as gleaned from the language employed in the covenant when viewed in the light of the entire context of the instrument. [Sanders v. Dixon, 114 Mo. App. 229, 253, 89 S. W. 577; Kitching v. Brown, 180 N. Y. 414, 427; Lloyd on Building (2 Ed.), sec. 148.]

We find no word in the deed, or so much of the context thereof as is set forth in the petition, which purports to inhibit the erection of a hotel building on the property in question. Indeed, it is implied from the fact that the general words of prohibition are omitted and only a few structures, together with certain enumerated occupancies pointedly inhibited, that the grantor intended to permit the erection of a hotel. As before stated, doubts in such matters are to be resolved in favor of the grantee in the deed unless the context of the instrument indicates a contrary intention. Where one enters into detail in specifying certain matters as interdicted, it is to be presumed, if nothing to the contrary appears from the context of the instrument, that buildings of a nature not thus excluded are intended as

a proper use of the property. [Hurley v. Brown, 44 N. Y. App. Div. 480, 483; Lloyd on Building (2 Ed.), sec. 148; Pank v. Eaton, 115 Mo. App. 171, 89 S. W. 586.]

From a study of all the restrictions together, it appears the grantor intended to prohibit the erection of a cheap character of dwelling houses on the property, for he first of all says that no dwelling house less than two stories high may be erected thereon and, second, that not more than one such dwelling house may be erected on each fifty feet front of said lot. The third subdivision prohibits the construction of any dwelling house to cost less than four thousand dollars and requires that no dwelling shall be erected nearer than thirty feet to the line of the street. But there is no word to be found in this provision which says that no building other than a dwelling house may be constructed. It is entirely clear that if dwelling houses are constructed on the property conveyed, then they must conform to the requirements above stipulated. The fourth subdivision inhibits the construction of any stable, shed or outhouse nearer than one hundred feet to a public driveway. The fifth subdivision is leveled against any nuisance, livery stable or manufacturing establishment of any kind. The words employed by a grantor with respect to these matters are general and sweeping, indeed, but they do not operate to prohibit a hotel for such is not *per se* a nuisance, and, of course, not a livery stable, nor a manufacturing establishment. The sixth subdivision inhibits the construction or use of any grocery store, bar room or business place for the bargain and sale of any kind of merchandise. If this restriction were general in terms and leveled against any business place, of course, it would exclude a hotel, for such is a business place, in a way; but it is to be observed that the restriction is leveled against such business places only as are occupied for the bargain and sale of any kind of merchandise; that a hotel is not such a business place

is certain.   The implication is clear that business places, other than grocery stores, bar rooms or such as are occupied for the bargain and sale of merchandise, are not within the terms of the restriction; for such restrictions are to be construed strictly in favor of the free use of property unless the context of the instrument discloses an intention to the contrary.

We are unable to discover anything from the context of the instrument as set forth in the petition indicating an intention on the part of the grantor to exclude a hotel any more than it indicates an intention to exclude a house of worship or an institution of learning.   The judgment should be affirmed.   It is so ordered. · All concur.