MATILDA SCHOPP et al., Executors and Trustees, Appellants, v. GEORGE P. SCHOOP et al., Respondents.

St. Louis Court of Appeals. Submitted on Briefs December 5, 1911. Opinion Filed January 9, 1912.

1. INJUNCTIONS: Grounds for Refusal. An injunction will not be granted when the relief would be disproportionate to the injury received or anticipated, when the injury is technical or trivial, or when the benefit to plaintiff would be disproportionate to the injury to defendant.

2. LANDLORD AND TENANT: Acquiescence in Use of Building: Estoppel. Where the owner of a building assented to his tenant's cutting through the walls into an adjoining building, a subsequent purchaser of the building, who, at the time he purchased, was cognizant of the existence of the openings and the use to which they were being put, was estopped from claiming, in an action to enjoin the use of the openings, that their existence and use was without authority.

3. INJUNCTIONS: Grounds for Refusal: Trivial Injury: Equity: Rules of Decision. Where, in an action to enjoin the use of leased premises in a particular way, the damage shown from such use for a period of ten years was infinitesimal, and plaintiff's remedy at law was adequate, it was proper to dismiss the suit, since the plaintiff must not only come into a court of equity with clean hands, but must not exact what is inequitable merely because it is within his legal right.

4. **EQUITY:** Failure of Equity: Damages.  In a suit in equity, when the equity fails, the right to recover damages therein also fails.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellants.

(1) Mr. Conrad Schopp bought the Schopp Building subject only to the written recorded lease to Geo. P. Schoop & Co. Verbal licenses or easements granted by a former owner do not run with the land. R. S. 1909, sec. 2782. (2) The lessees had no right to authorize the building to be used for any purpose which under the contemplation of the lease would be considered an unreasonable use. Murphy v. Type Fdry., 29 Mo. App. 541; 24 Cyc. 1061. (3) A lessee or tenant has no right to grant an easement of a passageway over the leased premises. Richardson v. Richardson, 9 Gray 213, 75 Mass. 213; Gentlemen v. Soule, 32 Ill. 271; Drda v. Schmidt, 27 Ill. App. 267. (4) The damage being of a continuous character and there being no adequate remedy at law, injunction is the proper remedy. 24 Cyc. 1064; Whipple v. McIntyre, 69 Mo. App. 397.

*Schnurmacher & Rassieur* for respondents.

(1) On a bill for an injunction the fact that a trespass complained of may be continuous, does not prove it is not susceptible of adequate compensation, in damages, by an action at law, and where a party has an adequate legal remedy he cannot ask for equitable relief. The writ of injunction is not one of right, but of discretion, and will not be granted where the injury is susceptible of pecuniary compensation, for which adequate satisfaction can be obtained in the

ordinary course of law. Carlisle v. Stevenson, 3 Md. Ch. 499; Edwards v. Mining Co., 38 Mich. 46; Burgess v. Kattleman, 41 Mo. 480; Taylor v. Todd, 48 Mo. App. 550. (2) Where on an application for an injunction the relief sought is disproportioned to the nature and extent of the injury sustained, or likely to be sustained, a court of equity will decline to interfere. 1 High on Injunctions (4 Ed.), sec. 22, p. 37; Hall v. Rood, 40 Mich. 46; Lynch v. Union Inst., 159 Mass. 306; Amerman v. Deane, 132 N. Y. 355. (3) Nor will a court of equity grant an injunction where the injury complained of is small or technical. Warren v. Cavanaugh, 33 Mo. App. 102.

REYNOLDS, P. J.—This is a suit in equity, originally brought by Conrad Schopp, the owner of a business building in the city of St. Louis, to restrain his lessee, George P. Schopp & Co., a corporation, and the St. Louis Label Works, also a corporation and subtenant of the former, from permitting or making an unauthorized use of the leased premises. The latter consists of a four-story building situated on the southwest corner of Third and Morgan streets. On the Third street front in the southeast corner of the building is a freight elevator and on the Morgan street side in the northwest corner of the building is a stairway leading to the upper floors.

The building was originally owned by one John Schopp, who apparently in 1894 leased it to the defendant The George P. Schopp & Co., for a term of five years, with the privilege of renewal at the termination of the five years. Before the expiration of this term John Schopp died and the title to the premises appears to have passed to his widow, Mrs. Johanna Schopp. The George P. Schopp & Co., under the power granted it in the lease, sublet the second, third and fourth floors to the defendant St. Louis Label Works. Finding the floor space inadequate for the

wants of its business, the latter company leased the second, third and fourth floors of a building adjoining and known as the Meyer Building, and during the term of the first lease, that is sometime between 1894 and 1899, with the assent and approval of Mrs. Johanna Schopp, then the owner of the leased premises, cut openings in the partition wall between the Schopp Building and the Meyer Building, the floors of the adjoining buildings apparently being on a level. The first lease, which expired about the year 1899, was renewed by Mrs. Johanna Schopp for another term of five years, taking it to 1904, and in 1904 was renewed for another term of five years, ending in 1909. Pending the falling in of this latter term Mrs. Johanna Schopp died and in a partition of the estate the Schopp premises were bought in by a real estate company, which thereupon sold them to one Conrad Schopp, apparently immediately following the purchase at the partition sale, and about the year 1906. Two years after purchasing it, that is in April, 1908, Conrad Schopp brought this present suit. and he dying pending its trial, it has been continued by his executors, having been duly revived in their names. It appeared that before his purchase and before the partition sale, Conrad Schopp had visited the premises and inspected them from top to bottom and saw the openings between them and the adjoining building; had gone through them and neither then nor at any other time prior to the institution of this suit appears to have made any objection to the openings or to the use of them. The defendant St. Louis Label Works was engaged in the business of printing labels for pill boxes and medical supplies of various kinds and employed about fifty hands, about ten of these fifty being employed in the Meyer Building, which is apparently used for the storage of paper, no machinery of any kind being placed or used in the three

162 App.—36

stories of the Meyer Building. There being no stairway or elevator in the Meyer Building, all the supplies which were used by the Label Works Company were carried up through the elevator in the Schopp Building and thence carried on trucks from the elevator, a distance of some fifteen feet, and thence on to the floors of the Meyer Building, sometimes being carried by hand, sometimes on trucks, and when required in the work carried on in the Schopp Building, carried through these openings from the Meyer Building into the Schopp Building either by hand or on trucks. It appears in evidence that this floor space between the elevator and the openings on one of the floors had been covered over by the Label Works people with false flooring to protect the under flooring. It further appears by the lease in evidence that the lessee, that is to say, Schopp & Co., agreed to keep the premises, "including plumbing, sewer and hydraulic elevators, in good order and make at their own cost and expense all repairs necessary to keep the same in good order and condition, excepting such repairs as may be required on account of elevator machinery getting old and needing new ropes and parts to maintain safety, also excepting repairs to the roof, walls, gutters and down-spouts, of said premises made necessary by ordinary wear, decay, damage by fire and the elements," the lessee covenanting and agreeing that at the end or sooner termination of the lease it would surrender and deliver up to the lessor the premises leased peaceably and quietly in as good order and condition as when received except natural wear, decay and the effects of fire and the elements. The lease also provided "that lessee shall have the privilege of subletting the three upper floors of said leased premises to a printing establishment, which it is hereby agreed does not come under the terms of the above proviso."

Judgment is prayed against defendants for the sum of $1000, that being claimed as the damage done by the use of the unauthorized passage across the floors by the Label Works employees in carrying material and passing by means of the stairway and crossing the floors through these openings on the second, third and fourth floors above referred to. An injunction is also prayed perpetually restraining defendants from using or permitting the use of the plaintiffs' elevator or the stairway or floors of the building as a passage for machinery, merchandise or persons to the Meyer Building, or for the prosecution of any business conducted therein and for general relief.

After hearing the evidence in the case the court found for defendants and dismissed the suit. From this plaintiffs have duly perfected their appeal.

The evidence in the case tends to show that the damage to the stairways and floors for the period elapsing between the time of the making of these openings, that is some nine or ten years, and the time of the trial of the cause, which was on February 9, 1910, amounted to from forty to sixty dollars, and it is claimed that the use of this stairway, elevator and floors being of a continuous character and there being no adequate remedy at law that injunction is the proper remedy. The learned counsel for appellants, in addition to the above, make three points. First, that Conrad Schopp bought the building subject only to the written recorded lease to the defendant Schopp & Co., and that verbal license or easements granted by a former owner did not run with the land. Second, that the lessee had no right to authorize the building to be used for any purpose which under the contemplation of the lease would be considered an unreasonable use. Third, that the lessee has no right to grant an easement of a passageway over the leased premises to another.

We may admit all these contentions as stating sound propositions of law, but we are not to lose sight of the fact that this is a suit in equity and that the doctrines applied by the courts of equity in cases of this kind call for a consideration of all the facts and circumstances which help to show what is just and right between the parties. [See Lynch v. Union Institution for Savings, 159 Mass. 306, 1. c. 309.] It is a well settled rule of equity that a court of equity will not grant an injunction when the relief sought is disproportionate to the nature and extent of the injury which has been or is likely to be sustained or when the injury is small or more technical than substantial. [Warren v. Cavanaugh, 33 Mo. App. 102, 1. c. 109.] And if the amount is very trivial such courts will not take cognizance of the cause. [Bispham's Principles of Equity (6 Ed.), p. 57, sec. 37, and cases there cited.] It is also a rule commonly applied in equity that when the benefit to plaintiff will be entirely disproportionate to the injury to defendant, relief will be denied and plaintiff will be remitted to his legal remedy for the vindication of his right. [1 High on Injunctions (4 Ed.), sec. 8, p. 12; Ibid., sec. 22, p. 37, citing Hall v. Rood, 40 Mich. 46; Lynch v. Union Institution for Savings, 159 Mass. 306; Amerman v. Deane, 132 N. Y. 355.]

In the case at bar it appears that the then owner, Mrs. Johanna Schopp, assented to the cutting of these openings in the walls of the three floors of the building about or sometime before 1901. When the subsequent renewals of the lease were made these openings were there and they, as well as the stairway and elevator and floors, were in use as at the time this suit was instituted. It is also in evidence that before Conrad Schopp purchased he was aware of the presence of these openings in the wall and the use to which they were put. So that whether the right to maintain them and the right which flowed from that, of using

them by the tenants of the Schopp Building in connection with their work in the Meyer Building, was evidenced in writing by a paper duly of record, is immaterial; it must be held, particularly in an action in equity, that he and those under him are estopped from now claiming that they are there and in use without authority.

If it be conceded, however, that they are in use without lawful, legal authority or permission, the evidence in the case shows beyond doubt that the consequent damage to the Schopp Building is almost infinitesimal. The building is an old one—over twenty years old in 1910. It has been under these leases to the Schopp Company over fifteen years; to the Label Company over ten years. Beyond some outside ones, the lessors have never been put to making repairs. Distributing the damage over ten years that these openings have been in use, it hardly amounts to five dollars a year. It is conceded that both defendants are solvent and able to respond in any damages that may be caused to the building by this use, admitting for the sake of the argument that the use is unlawful. Considering all these facts and that one who comes into a court of equity must not only come with clean hands but must be prepared to do equity and himself not exact what is inequitable merely because it is within his legal right, and in further consideration of the fact that for whatever damage may be inflicted plaintiffs have an adequate remedy at law for their recovery, the decision of the learned trial court in dismissing this suit was proper.

Counsel for appellant in their reply brief, in so many words, say there was "no ground for refusing a judgment for at least the amount of damages estimated in respondents' brief as the maximum for the acts done. This is a common law action as to damages and, if they were only one cent, appellants should have judgment for it." That is true in a common law

action. But this is a suit, not at law but in equity, and when the equity fails the right to recover damages in a suit in equity also fails.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.