MARGARET FORSEE, Appellant, v. ALICE G. JACKSON, Respondent.

**Kansas City Court of Appeals, January 17, 1916.**

1. **WARRANTY DEEDS: Restriction: Porch.** A front porch is not a part of the building within the meaning of a restriction in a deed forbidding the grantee to build his house closer to the street than his grantor's on an adjoining lot.

2. ———: **Grantee: Substitution.** A grantee in a deed containing restrictions on the use of the land conveyed cannot, alone, substitute other things for that which both have agreed upon.

3. ———: **Bay Window: Building Line: Remedy.** A grantee in a deed restricting the line on which a building shall be built, constructed a bay window in the house, two stories high,

extending nine inches over the line. It was *held* a violation of the restriction. But a mandatory injunction requiring it to be torn out is so disproportionate to the injury to the grantor as to justify a chancellor in refusing the writ.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*I. J. Ringolsky* and *S. P. Forsee* for appellant.

*Grant I. Rosenzweig, Chas. E. McCoy* and *S. M. Hutchison* for respondents.

ELLISON, P. J.—Plaintiff sold to defendant a lot situated on the northwest corner of 38th street and the Paseo in Kansas City. First there was a written contract of sale, followed two weeks afterwards by a warranty deed. The contract and deed each contained the following restrictions: First, that the grantee should not erect any other than a two-story duplex "building; the deed adding "or dwelling." Second, the attic of said building may be finished and either used in connection with the second floor apartment, or as a separate apartment. Third, it should face east. Fourth, it should be "set at least two feet from the north line" of the lot. Fifth, the grantee to have privilege of building a garage on the west ten feet of lot; the space between that and the dwelling to remain open.

The contract contained the following restrictions, not in the deed; back porches and entrance to be on west and south. The surface of lot not raised more than two and one-half feet. The building shall be on a line with the grantor's house on the adjoining lot north. And it shall not be over sixty-eight feet in depth, "including back porches."

Defendant built on the lot purchased and plaintiff, claiming that these restrictions had been violated, filed her bill, after the house had been in great part constructed, whereby she seeks to have the building removed from forbidden ground. No bond was given and therefore no temporary restraining order was issued and the building proceeded to completion according to the desires and plans of defendant. The trial court found for plaintiff in the sum of one cent and refused an injunction.

It will be noticed that the contract contains four restrictions not found in the deed. Defendant insists that the whole contract was merged in the deed and that the latter measured the entire rights of the parties. Our conclusion will be based on a concession to plaintiff (without decision) that the restrictions in the contract are in force notwithstanding their omission from the deed.

We find from the evidence, that many of plaintiff's complaints are unsubstantial. It seems that the building was nearer than two feet of the north line by five-eights of an inch at one corner and one and a quarter inches at the other (slightly increased at places by unevenness of stone); and that it was discovered by survey after completion of the house, that it was about three inches nearer the street than the plaintiff's building. These discrepancies may be classed as too small for aid in equity.

Objection is made to area way encroaching on this two feet, for light to basement, but in the reason of the contract that was not an improper thing. So a wall was built from the house to the rear of the lot. This was done to protect the property and in no sense violated the object sought to be accomplished by the contract as to grade or otherwise. [Nowell v. Boston, 130 Mass. 209.] The fact that this space of two feet was covered by concrete is of no consequence.

We are fully satisfied from the evidence, including the contract and deed, that plaintiff has no cause to complain of the shape of the roof or that an apartment was made out of the attic, or that a basement was under the house inhabited by janitors, or other servants.

But notwithstanding trivial objections to defendant's acts, we find two that are not so easily disposed of. Defendant built a porch on the east end of the house proper, probably extending seven feet nearer the street than plaintiff's house, and if that is to be regarded as a part of the east wall of the house there is a violation of that part of the contract forbidding the erection of a building not on a line with the plaintiff's house on the north, and the further restriction that the building "should not be over sixty-eight feet in depth, including back porches and sleeping porches." The rule is in favor of untrammeled use of one's property and therefore restrictions which are ambiguous or doubtful should be construed against the grantor. [Land Co. v. Investment Co., 169 Mo. App. 715; Kitchen v. Hawley, 150 Mo. App. 497.] The contract enters into detail of restriction and omits to include a front porch in the length of the building, or in fixing the line on which the house should be built. One restriction, on its face, includes back porches and it is but reasonable that omitting a front porch, was to say that it was excluded.

Coming again to the provision that the building should not be constructed nearer than two feet of the north line, we find from the evidence that bay windows running the heighth of two stories and extending eight and nine inches over the forbidden space were a part of the house and constitute a substantial violation of that part of the contract. [Bank v. Kennett, 101 Mo. App. 370.] In the opinion in the latter case by Judge Goode there is a full and able discussion of the entire question now before us. It is there satisfactorily demonstrated that the injured party may invoke equity to

compel a grantee to live up to, and carry out, restrictions embodied in the deed as the solemn contract of the parties. That it is not allowable for the violator of the contract to say that his change of the agreement is better than would be a compliance. [Land Co. v. Investment Co., 169 Mo. App. 715.] He, alone, will not be permitted to refuse to carry out, or to substitute something for the agreement that *both* have made. He could just as reasonably impose his will on the other party at the outset, as to have his way in the end.

But, in Bank v. Kennett the learned Judge states, at page 395 of the report, that in determining the question of relief, conditions may be presented which should prevent so drastic a remedy, through the equity part of the court, as the destruction of valuable permanent property to relieve against a wrong wholly out of proportion, especially if the mischief can "be remedied by more conservative action." The Judge continues: "If the damages are trivial, or if they can be made good by a legal judgment, or if the loss to the defendant by granting mandatory relief will be far more than the attendant benefit to the plaintiff, the writ will commonly be denied and the plaintiff left to his action at law." This view in a general way is approved in Hemsley v. Marlborough House, 68 N. J. Equity 596, 601, and Smith v. Spencer, 81 N. J. Eq. 389. The subject was again considered by the St. Louis Court of Appeals in Schopp v. Schopp, 162 Mo. App. 558, and Kitchen v. Hawley, supra, where, through opinions by Judges REYNOLDS and NORTONI, the views herein stated are considered and approved.

Now a mandatory injunction which would require the tearing out, in great part, of the north end of defendant's house, would be far too drastic in the circumstances of this case, and the trial court wisely exercised its discretion in refusing such writ. [Bailey v. Culver, 84 Mo. 531, 540.] We have not considered that part of the record mentioned by plaintiff showing

a judgment for her for one cent and the costs, since, if it should be more than she should have had, no harm is done, and the defendant is not complaining. The judgment is affirmed. All concur.