EDWARDS WHITTAKER et al., Trustees, Appellants, v. LAFAYETTE REALTY & INVESTMENT COMPANY, Respondent.

St. Louis Court of Appeals, June 6, 1917.

1. **BUILDING RESTRICTIONS: Manner of Creation: Building Line Drawn upon Recorded Plat.** The creation of a covenant as to the restricted use of property must be shown either by express words or by reasonable inferences from words employed to clearly indi-

cate such a purpose, and a mere designated line, drawn upon a recorded plat, will not alone suffice to create such a covenant.

2. ———: Doubtful Provisions: Rules of Decision. Where the question as to whether or not it was intended to create a building restriction is doubtful, it should be determined in the negative, in view of the rule favoring the untrammelled use of property.

3. ———: Building Line: Existence of Restriction: Facts Stated. In a suit by trustees to obtain authority to sell real estate, a decree was rendered directing the sale, subject only to the terms, restrictions and conditions set forth in the decree or in the deeds made by virtue thereof. The trustees filed a plat of the land, upon which was drawn a line designated as the "building line." The trustees subsequently conveyed to defendant one of the lots shown on such plat, by a deed which recited that it was executed under the authority of such decree, and was "subject to the restrictions and conditions now governing said property," but which did not contain any restrictions nor refer to the recorded plat for any restrictions. Deeds executed by the trustees, conveying other lots in the subdivision, recited that no building should be erected upon the land conveyed that would "project over the building line represented on the recorded plat," and all of the lots that were conveyed by a deed containing this provision were described, but no mention was made of the lot in question. Defendant attempted to erect a building which set farther out than the so-called "building line" shown on the plat, and the trustees brought injunction. Held, that, in view of the fact that the deed conveying this lot did not specifically set out any restrictions nor refer to the recorded plat for restrictions, the lot was not subject to any restrictions; the line designated "building line" on the plat not being sufficient, standing alone, to create a covenant, especially in view of the fact that it is evident from the course of dealings of the trustees that they intended such building line to apply to some lots and not to others.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Judson, Green & Henry* for appellants.

(1) The restriction of the building line involved in this case was expressly declared, not only by the recorded plat, but also by the express reservation in the deed to defendant: "All subject to the restrictions and conditions now governing said property." King v. Un-

ion Trust Co., 226 Mo. 351; Lindsay v. Smith, 178 Mo. App. 193, 166 S. W. 820; Hisey v. Eastminster Presbyterian Church, 130 Mo. App. 566, 109 S. W. 60; Bolin v. Tyrol Investment Co., 160 S. W. 588; 178 Mo. App. 1; Townsend's Appeal, 68 Conn. 358; Fete v. Foerstel, 139 S. W. 820, 159 Mo. App. 75; Noel v. Hill, 138 S. W. 364, 158 Mo. App. 426; Thompson v. Langan, 154 S. W. 808, 172 Mo. App. 64; St. Louis Safe Deposit Bank v. Kenneth Estate, 101 Mo. App. 389; Spahr v. Cape, 143 Mo. App. 144, 122 S. W. 379; 13 Cyc. 713-716; Sanders v. Dickson, 144 Mo. App. 229. (2) The reservation is not only based upon the recorded plat and the recital in the deed referring to the same, but also upon the decree of the Supreme Court in directing the administration of a public charity, whereof appellants are trustees, directing the specific reservation made by said trusees thereunder and sought to be enforced in this cause, of which decree the defendant was bound to take notice. Lackland v. Walker, 151 Mo. 210. (3) The reservation in this case thus based on declarations of public policy so declared by the Supreme Court and also on the express recitals of the deed, is not in any sense a matter of inference; and the rule announced in Zinn v. Sidler, 268 Mo. 280, has no application, as the reservation in the instant case in the strongest sense was based upon express declarations of intention and of the public policy whereon same were based. (4) The reservation thus established and sought to be enforced in this case was admittedly familiar to the respondent, as the latter had theretofore received and made conveyances in the same block, containing, with other reservations, the same building line. (5) The projecting "sun porches" admittedly erected by defendant were a violation of the building line restriction. Reardon v. Murphy, 163 Mass. 501; Attorney General v. Gardner, 117 Mass. 492; Attorney General v. Ayer, 148 Mass. 584; Attorney General v. Algonquin Club, 153 Mass. 447, 11 L. R. A. 500; Righter v. Winters, 68 N. J. Equity, 252; Smith v. Spencer, 81 N. J. Equity, 252; Levy v. Shreyer, 43 N. Y. S. 199; Skinner v. Allison, 66 N. Y. S. 288; McDonald v. Spang, 155 N.

Y. S. 617. The distinction between an entrance porch
and projections, equipped with windows, flooring and
doors extending to the roofs, is obvious. Spilling v.
Hutchinson (Va.), 68 S. E. 260; Sanborn v. Rice, 129
Mass. 387. (6) The appellants in this case were acting
as trustees, not only for the parties in the block who de-
manded this action, who had built under the same re-
strictions, but also in behalf of the general public for
whom the restriction was originally directed by the Su-
preme Court in Lackland v. Walker. See Attorney Gen-
eral v. Algonquin Club, supra. (7) There was no ques-
tion of abandonment or laches in this case, and appel-
lants acted as soon as the violation of restrictions was
brought to their attention. St. Louis Safe Deposit Bank
v. Kennett Estate, 101 Mo. App. 375; Attorney General
v. Algonquin Club, 153 Mass. 447.

*Schnurmacher & Rassieur* for respondent.

(1)   The lot in question was sold "subject to the re-
strictions and conditions now governing said property,"
but the lot had never been restricted. The drawing of
a building line on the plat did not constitute a restric-
tion, perpetually running with the land. Zinn v. Sidler,
268 Mo. 680. Restrictions, affecting the free use of land
by the owner, are not favored by the law, and will not be
specifically enforced unless they are sufficiently definite
and the intention to create the same is positive. Zinn v.
Sidler, supra; Forsee v. Jackson, 192 Mo. App. 411;
Hawes v. Favor, 161 Ill. 440. (2) The erection of porches,
platforms, steps, or other projections are not usually re-
garded as in violation of building line restrictions, un-
less the deed expressly so provides. If the main wall of
the building is on the line, that is a compliance with the
restriction. Forsee v. Jackson, 192 Mo. App. 408; Gra-
ham v. Hite, 93 Ky. 474; Attorney General v. Ayer, 148
Mass. 584; Hawes v. Favor, 161 Ill. 440; 13 Cyc. 713.
(3)   Enclosing of porches does not alter their character.
(4)   If the appellants and other owners have permitted,
without complaint, similar porches to be erected on many

other lots in the subdivision, they cannot now be heard to complain of respondent's action. This shows the interpretation placed by the grantors themselves on the so-called restrictions in the deeds. Graham v. Hite, 93 Ky. 474. (5) Having permitted respondent without complaint to erect its building with these enclosed porches, appellants are now barred from equitable relief by their own laches. Forsee v. Jackson, 192 Mo. App. 412. (6) The fact that appellants are trustees of a public charity does not give them any greater rights in this proceeding than if they were suing as private owners.

BECKER, J.—The plaintiffs below, who constitute the board of trustees of the Missouri Botanical Garden, filed their petition as trustees under the will of the late Henry Shaw, asking for an injunction whereby they sought to enforce the observance of a building line alleged to have been established by them under a decree of the circuit court entered in accordance with the mandate of the Supreme Court of Missouri, affecting, amongst other properties, a parcel or lot of ground purchased by the defendant company from plaintiffs, upon which lot defendant was erecting certain improvements which it was alleged violated the restriction as to the building line for said lot. From a dismissal of the said petition for an injunction, by the circuit court of the city of St. Louis, the plaintiffs appeal.

The record discloses that a large tract of ground lying between Grand Avenue and Kingshighway boulevard, in the city of St. Louis, was deeded by the late Henry Shaw to the plaintiffs as trustees, for the maintenance of the Missouri Botanical Garden, and under this will the trustees were not allowed to sell the property, but could only lease it. The leasing of the property as provided for in the will, was found to be impracticable and an application was thereupon made to the Supreme Court of the State of Missouri for authority to sell the property, which court, in the case of Lackland, et al., v. Walker, Attorney General, 151 Mo. 210, 52 S. W. 414, authorized the trustees to make sale of the property.

The opinion in that case sets forth in full the decree which the circuit court of the city of St. Louis was ordered to enter in the case. The opinion of the Supreme Court provides, that, in order to carry out the purposes as expressed by Mr. Shaw in his will, namely, that the adjoining property to the Missouri Botanical Garden be made attractive and desirable for residences: ''Such sales shall be made in such parcels or subdivisions, and subject to such restrictions as to building lines, costs, and character of structures to be erected thereon, and the use to which said property and improvements shall be put, as the said trustees may, from time to time, deem advisable. Said restrictions shall be framed with particular reference to insuring that said property, when improved, will by its contiguity, be pleasant and attractive to the visitors and students of the Missouri Botanical Garden.''

And further provided: ''The court doth adjudge and decree that the tracts so referred to and known as tracts numbers three (3) and four (4), respectively, be sold and aliened in fee, free from any of the trusts, restrictions and conditions in said will declared and set forth, and *subject only to the terms, restrictions and conditions set forth in this decree or in the deed or deeds of conveyance to be made thereof by virtue hereof.*'' (Italics ours).

The record discloses that the board, acting under this decree, made a plat of blocks numbered 5435 to 5439 and 5312, and included therein was the property in question in the instant case, namely lot 42 in block 5437; that said plat was duly approved by the Board of Public Improvements and duly recorded; that on the plat as recorded there is shown a building line designated as such on the plat in each of said blocks, the same being twenty feet from the street line on all of the lots, including the lot in controversy, which is lot 42 in city block 5437, on the northwest corner of Lafayette and Spring avenues, in the city of St. Louis.

In December 1911, the board of trustees, appellants herein and plaintiffs below, deeded to the Lafayette

Realty & Investment Company, a corporation, defendant below and respondent here, certain inside lots in each of city blocks 5437 and 5438, the deeds for which property recited that they were made by the trustees under the direction of the Supreme Court's opinion, supra, and contained a specific restriction as to a building line as represented on the recorded plat of said addition, but also contained certain other specific restrictions, as will later be set forth in this opinion. These said lots defendant company improved and thereafter sold, and its deeds of conveyance contained the same restrictions as to the building line and other covenants as were set forth in the deeds made by the said board of trustees to the defendant company.

On March 26, 1912, the said board of trustees deeded to the Lafayette Realty & Investment Company, the defendant below, the corner lot in controversy, the deed for which did not contain any recital as to any restrictions whatsoever, merely containing the recital, as in the deeds above mentioned, that the deed was made under the authority of the decree in the case of Lackland, et al., v. Walker, Attorney General, supra, and concluded with the following clause: "All subject to the restrictions and conditions now governing said property." The Lafayette Realty & Investment Company thereupon proceeded to erect a three story apartment building on the corner, the front wall of the main building being twenty feet from the street line, but in connection with and as a part of said building they erected what are alleged to be sun porches projecting about ten feet from the front of the building and toward the street. The testimony shows that these porches were built up from the ground, were floored, provided with easements and windows, fitted up with steam radiators, and connected by doors with the corresponding upper floors. The testimony shows that the other property in that block has the front walls of the buildings all in conformity with the building line of twenty feet, but also are provided with ordinary entrance porches, extending in front of the building line. However, in none of them are there any such projected

enclosed additions as that made by the defendant on this corner lot.

Before the defendant had completed its building, the time as to which is immaterial for the determination of this case, and at a time or soon after it became apparent that the projectments on the defendant's lot, which were to be used as sun parlors or sleeping porches, were to be enclosed, the people who had bought property in the same block, from the Shaw board of trustees and also from the defendant company, filed their complaint with said board of trustees, who thereupon took up the complaint with the defendant company and upon their refusal to make any changes in their building, the Shaw board of trustees brought this suit for an injunction, reciting the foregoing fa cts.

The answer is, first, a denial that the property was subject to any restrictions as to building line; second, that the projecting sun parlors were not a violation of the building line; third, that the plaintiffs were barred by laches.

The court upon a hearing of the case found for the defendant and dismissed the bill without filing any written memoranda. Motion for a new trial was duly filed and overruled, and thereupon an appeal was perfected to this court.

The trustees' power and right to sell lots in this subdivision is based on the decree of the Supreme Court of Missouri in the case of Lackland, et al., v. Walker, Attorney General, 151 Mo. 210, 52 S. W. 414, which opinion sets out in full the decree ordered therein to be entered by the circuit court, in compliance with the mandate issued. The decree contains the following paragraph: "Second. The court doth adjudge and decree that the tracts so referred to and known as tracts numbered three and four, respectively, be sold and aliened in fee, free from any of the trusts, restrictions and conditions in said will declared and set forth, *and subject only to the terms, restrictions and conditions set forth in this decree or in the deed or deeds of conveyance to be made thereof by virtue hereof.*" (Italics ours).

In conformity with the said quoted part of the decree, the scrivener who prepared the deed in question to defendant, inserted therein that it was made: "Subject to the restrictions and conditions now governing said property," thereby making it subject to the restrictions and conditions set forth in the said decree of the circuit court as required by the Supreme Courts' opinion, but the deed itself does not specifically set out any restrictions whatsoever, nor does it anywhere make reference to the recorded plat for any restrictions affecting the property. Therefore, unless we can hold that the mere filing of a plat of record, upon which a line is drawn and marked "building line," is a sufficiently definite expression of the purpose to create a valid and binding restriction, appellants' contention in this respect must fail.

When considering this question as to whether the line drawn on the plat, marked "building line," is sufficient to create a covenant, we must take into consideration the fact that the appellants sold other lots in this subdivision in which they undertook to set forth in detail seven definite, express and explicit covenants and restrictions concerning the character and the use of the improvements to be erected on the lots and the line on which, or back of which, the front wall of any building erected theeron should stand.   Not one of these covenants or restrictions is found in the deed in the instant case.

Furthermore, when one examines the deeds made by appellants for the inside lots of the same block in said subdivision, it is found they were to be improved, by express covenants, with only single residences, to cost not less than a stipulated sum, and not to be used for any business purposes whatsoever; to be at least two stories high and with no more than one building on any one lot, and *with the front wall so erected as not to project over the building line represented on the recorded plat of said addition,* and each of these deeds sets out each of the lots to which these same restrictions did and would be made to apply. and we find that in none of these deeds is

the lot in question mentioned as being included in those to which these various restrictions shall apply.

In other words, we find that the deeds for inside lots on this said city block number 5437, contained, amongst the restrictions, the following:

"Fifth, No house shall be so erected that the front wall thereof projects over the building line represented on the recorded plat of said subdivision."

"Sixth, Like covenants, conditions and restrictions shall be contained in all conveyances of all lots, two to twenty both inclusive, in block 5436 of the city of St. Louis in the South line of Lafayette avenue, and all of lots twenty-three to thirty-eight inclusive, in block 5437 of the city of St. Louis, in the north line of Lafayette avenue."

"Seventh, Each and all of the covenants aforesaid shall *run with and bind the lot or lots in respect of which the same are made* [italics ours] and shall be kept by each and by all persons and parties owning, using or occupying the same."

But neither of these restrictions is found in the deed in the instant case and we note that lot numbered 42 in question, by the sixth covenant quoted above, is omitted from the list of lots to which like covenants, conditions and restrictions, as contained in said deed, shall apply.

We can but view the fact of the recording of the plat with the line marked "building line" shown thereon, as being merely a proposed building line to apply to such lots as the trustees might determine, and from the facts as they appear from this record, we hold that the trustees or grantors determined to have the building line apply to the inside lots only, and to exempt the corner lot in question entirely from any restrictions whatsoever. We can come to no other conclusion in view of all the facts in the case, in that the creation of a covenant as to the restricted use of property must be shown either by express words or by reasonable inferences from words employed to clearly indicate such a purpose, and according to the recent opinion of our Supreme Court, a mere designated line drawn upon a recorded plat without

more, will not suffice to.create a covenant. [Zinn v. Sidler, 268 Mo. 680, l. c. 686-687, 187 S. W. 1172.] At most it is so ambiguous and doubtful whether a restriction as to a building line was intended to be created as applying to the lot in question, we are constrained to construe it in the negative, in view of the rule which favors the un-trammelled use of one's property. [Forsee v. Jackson, 192 Mo. App. 408, 182 S. W. 783; Land Co. v. Investment Co., 169 Mo. App. 715, 155 S. W. 861; Kitchen v. Hawley, 150 Mo. App. 497, 131 S. W. 142.]

In view of what we have said above it is not necessary to review the other questions raised in the case. The judgment is affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.